ARCHIBALD M. STORY *v.* RUSSELL P. WARE, use of D. MAYES.

1. PROCESS: SERVICE: CASE IN JUDGMENT.—The following return of service of a summons is good, viz.: "Executed personally on the defendant in the following manner: I told him I had a writ for him in the within-named case, and offered him a true copy thereof, which he refused to receive. I then commenced reading the within to him, and he refused to hear it, and left me. H. J. R., Sheriff."

2. PRACTICE: RETURN TERM.—The return term of an action at law, is the first term after the summons has been legally executed.

3. SAME: RIGHT OF DEFENDANT TO PLEAD AT RETURN TERM.—The defendant's right to plead to the action at the return term, is not lost or waived by a motion to quash the summons, or the return on it; and it will be error to refuse his application to plead, and enter judgment by default against him.

ERROR to the Circuit Court of Rankin county. Hon. John Watts, judge.

In addition to the facts set out in the opinion of the court, it is only necessary to state the following:—

The return on the *alias* summons was as follows: "Executed personally on the defendant, in the following manner: I told him I had a writ for him in the within-named case, and offered him a true copy thereof, which he refused to receive. I then commenced reading the within to him, and he refused to hear it, and left me. January 11th, 1858. H. J. Reeves, Sheriff."

*W. C. Harper*, for plaintiff in error.

*D. Mayes*, for defendant in error.

HARVARD LAW SCHOOL LIBRARY

SMITH, C. J., delivered the opinion of the court.

This suit was brought by Russell P. Ware, for the use of Daniel Mayes, to recover damages for trespasses, alleged to have been committed upon land, which, at the time of their commission, was the property of the former, but which subsequently had been sold and conveyed to .the latter. The declaration was filed on the 12th of May, 1857, and a writ issued, returnable to the following term. At the return term, upon motion of the defendant, the writ and sheriff's return were quashed, and an *alias* was sued out. At the return of which, a motion was again entered to quash the writ and sheriff's return, which was overruled. Whereupon, and on the same day, the defendant applied for leave, and moved the court to be permitted to plead to the action. His application was refused, and the motion overruled; and judgment by default was entered, and a writ of inquiry was awarded at the instance of the plaintiff.

The exceptions taken to the judgment entered upon the verdict of the jury of inquiry, point to these acts of the court. It is insisted, first, that the court erred in overruling the motion to quash the return to the *alias* writ; and secondly that there was error in overruling the motion for leave to plead to the declaration.

The first exception is clearly untenable. According to the return, the plaintiff in error was informed by the sheriff that he' had a writ for him in the case, and offered to deliver to him a true copy of the same, which was refused. The sheriff then attempted to read the writ to the plaintiff in error, which he refused to hear, but walked away. This was all that could be done by the sheriff; certainly it was all that the law required him to do.

Under these circumstances, it would be trifling with the majesty of the law, to allow the party to insist upon a want of notice, or the insufficiency of the service of the process.

The motion to quash was made at the return term of the *alias* summons. As there was no service of the process which had issued to the preceding term of the court, the term at which the *alias* was returnable, was the return term of the suit. Unquestionably, therefore, the plaintiff in error had a right to answer or plead to the action during that term. It would be absurd to hold that the right to plead was lost, by entering the motion to quash the return to the summons. It is, hence, certain, that the court erred in

refusing the application, and overruling the motion for leave to plead.

For this error the judgment is reversed, the verdict set aside, and the cause remanded for a new trial.