CASTEEL
v.
HIDAY.

*D. Moss* and *J. W. Evans*, for the appellant.

*G. H. Voss*, for the appellee.

---

## CASTEEL *v.* HIDAY.

A party may waive the reading of a summons by the officer, in making service of it; and if he does, understanding the nature and object of the writ, the service is good without reading.

*Tuesday,
December 20.*

APPEAL from the *Madison* Court of Common Pleas.

WORDEN, J.— *Casteel* sued *Hiday* on a note, and had judgment, by default, for 677 dollars, 65 cents.

A summons appears in the record, indorsed by the sheriff as follows, viz.: "I served this summons on *Charles Hiday* by reading to, and within his hearing, on," &c.

Afterwards, and within a year, *Hiday* filed his complaint to set aside the default and judgment.

A demurrer was sustained to the complaint, and no exception, but an amended complaint, was filed, with two paragraphs.

A demurrer was sustained to the first paragraph, but no exception was taken. The second paragraph alleged that the summons in the original cause was not served on him, *Hiday*, but that judgment was taken by default against him, without service of process.

*Casteel* moved to strike out this paragraph; but the motion was overruled, and exception taken.

Issue was then taken upon it. This issue was submitted to the Court for trial, and was found for *Hiday*.

Motion for a new trial overruled, and exception. The Court, upon this finding, set aside the original judgment, and such further proceedings were had as that final judg-

ment was rendered for the plaintiff, *Casteel*, for 594 dollars. He appeals, and assigns for errors the rulings by which his original judgment was set aside.

The sheriff's return to the summons appears to be sufficient on its face. We need not determine, in this case, whether the return of the sheriff was not conclusive as between the parties, or whether it could be contradicted except by suit against him for a false return, as the evidence, in our opinion, utterly failed to show its falsity. The sheriff, the only witness introduced, testified that he had the summons, and went to *Hiday*, and, for convenience, had the summons in his hand; but not opened, which *Hiday* saw, and informed him of the case and the object of the suit, which *Hiday* said he fully understood. The sheriff then asked him if he desired it to be read. *Hiday* replied "No." The sheriff then asked him if he should indorse on the summons "served by reading," to which *Hiday* replied, "You may do it; it will all be right." The sheriff then made the indorsement, according to his assent and authority.

These facts were equivalent to reading the summons to *Hiday*, and justified the sheriff in making the return in question. *Hiday* was informed of the case, and the object of the suit, which he said he fully understood. He expressly waived the formality of reading the summons, and authorized the return in question. He cannot now be permitted to say that the summons was not duly served.

*Hiday* assigns, by way of cross error, the ruling of the Court on the demurrer to his original complaint and the first paragraph of his amended complaint. These set up a payment on the note which had not been indorsed, although *Casteel* promised to make the proper indorsements. Perhaps the payments thus made, and not indorsed, could be recovered by suit against *Casteel*. *Vide McCampbell* v. *Arheart*, at the present term (1). As no exception was taken to the rulings on these demurrers, we have not examined their correctness.

The appellee also assigns for error a ruling made in the subsequent trial of the cause; but as these subsequent

proceedings will have to be set aside, it is not material to inquire into the correctness of this latter ruling.

We are of opinion that, for the reasons before given, the order of the Court, in setting aside the judgment on the ground that process had not been duly served, was erroneous.

*Per Curiam.*—The judgment of the Court below, in setting aside the judgment rendered by default, and the proceedings in the premises subsequent thereto, are reversed with costs, and the cause remanded.

*J. Davis*, for the appellant.

*J. W. Sansberry*, for the appellee.

(1) *Ante*, 391.