LOGAN (LEAVITT v.). See Case No. 8,173.

LOGAN (SANDERS v.). See Case No. 12,295.

LOGAN (UNITED STATES v.). See Cases Nos. 15,623 and 15,624.

## Case No. 8,466.

LOGANSPORT GAS LIGHT & COKE CO. v. KNOWLES et al.

[4 Chi. Leg. News, 75.]

Circuit Court, D. Minnesota. Oct. Term, 1871.

ACTION ON FOREIGN JUDGMENT—PROOF OF ARTICLES OF ASSOCIATION—SERVICE OF SUMMONS.

1. There is nothing in the laws of Indiana requiring an original certificate or articles of association to be filed in the office of the secretary of state. The word "duplicate," although sometimes used to express an original repeated, usually signifies a copy or transcript of an instrument, and this ordinary definition of the word is to be given to it in the Indiana statute.

2. The copy was certified to by the recorder of the county when filed, and accompanying it is a certificate of the secretary of state, that it is a correct transcript of a certified copy in his office, and this is sufficient to allow it to be introduced in evidence although not authenticated in accordance with the act of congress of 1804 [2 Stat. 298], as that act does not exclude every other mode of authentication. When a copy of an instrument is certified to by the officer whose duty it is by law to keep the original on file in his office, it must be received as evidence of the original.

3. The court comments upon the manner of serving summons in several of the states and in the federal courts, and holds, under the statute of Indiana, that the service of the summons in question was sufficient.

[This was an action by the Logansport Gas Light & Coke Company against Alfred H. Knowles and others on a judgment obtained in a state court of Indiana.]

Cornell & Bradley, for plaintiff.
Bigelow, Flandrau & Clark, contra.

NELSON, District Judge. A jury trial is waived, and in accordance with the act of congress, a stipulation being on file, the court proceeds to try the issue. This is an action on a judgment obtained in the circuit court of Cass county, Indiana, on the 13th day of December, 1870, for the sum of seven thousand eight hundred and fifty dollars. The plaintiff, after introducing a copy of the articles of association with the certificates of the recorder of the county and the secretary of state attached, produced a certified copy of the record in the suit in the state court, showing all the proceedings down to the final judgment, and rested. The summons as appears in the record is as follows: "The State of Indiana. To the Sheriff of Cass County: You are hereby commanded to summon John M. Bain, Alfred H. Knowles and Thomas Harvey to appear in the Cass circuit court on the second day of the next term thereof to be held in the court house in Logansport, on the fourth Monday in February, 1866, then and there to answer the complaint of the Logansport Gas Light and Coke Co. Amount demanded $3,000. And of this summons make due return. Witness the clerk [Seal] and seal of said court this 18th day of September, 1863. Horace M. Bliss, Clerk." The return of the sheriff was in the following words:

"I do hereby certify that I served the within writ on the 19th day of September, 1865, upon Alfred H. Knowles and Thomas Harvey personally, by reading the same to them; and I further certify that John M. Bain cannot be found in my bailiwick. John Davis, Sheriff Cass Co., by James Stanley, Deputy."

The defendants interpose several objections to the reception of the copy of the articles of association as proof of incorporation, and also to a recovery upon the record introduced.

I. They urge that the copy of the articles of association has not been properly filed and recorded under the law of Indiana so as to create the plaintiff a corporation. I think this objection is not tenable. The plaintiff, when the articles of association were signed, was required by the law to "file the same in the office of the recorder of the county, which shall be placed on record, and a duplicate thereof in the office of the secretary of state." This it has done, but it is claimed by the defendants that the duplicate filed in the office of the secretary of state was a certified copy, and not a duplicate original. There is nothing in the law passed for the incorporation of companies, requiring an original certificate or articles of association to be filed in the office of the secretary of state. 2 Rev. St. Ind. c. 60. The word "duplicate," although sometimes used to express an original repeated, usually signifies a copy or transcript of an instrument, and in my opinion this ordinary definition of the word is to be given to it in this chapter.

II. The defendants further urge that the copy offered is not authenticated so as to permit its reception as evidence. The copy has been certified to by the recorder of the county when filed, and accompanying it is a certificate of the secretary of state that it is a correct transcript of a certified copy in his office. True, it is not authenticated in accordance with the act of congress of 1804, but I do not understand that this act excludes every other mode of authentication, or abrogates any principle of evidence previously established. It is the settled rule that when the copy of an instrument is certified to by the officer whose duty it is by law to keep the original on file in his office, it must be received as evidence of the original. [U. S. v. Percheman] 7 Pet. [32 U. S.] 53. The copy offered here is indorsed with such a certificate and is admissible under the above rule.

III. The defendants make the further objection that the record of the judgment does not show that the service of the summons was made within the jurisdiction of the sheriff by whom it was made. The proof of service of process issued by any court, or any notice required to be served, can be made by a certificate of the sheriff, when served by him, and it is not necessary for him to state the time and place of service. 2 Rev. St. Ind. § 292, p. 96. Section 34, p. 35, enacts that the summons shall be issued by the clerk, under the seal of the court, and directed to the

sheriff, and shall notify the defendant of the action commenced, the parties thereto, and the court where pending. By section 35 the summons may be served personally upon the defendant, and section 36 provides that no summons, or the service thereof, shall be deemed insufficient if there is sufficient substance about either to inform the party served that an action is instituted against him in court. These provisions, it seems to me, fully answer the objection raised as to the jurisdiction of the court, which rendered the judgment sued upon, over the persons of the defendants.

IV. The defendants also claim that there should be no recovery, because the record shows that the only summons pretended to have been served upon the defendants was one claiming $3,000, and that judgment was rendered for a greater sum. The complaint of the plaintiff, which sets forth in detail the cause of action against the defendants, claims damages in the sum of ten thousand dollars, which is an amount larger than the judgment obtained; and under the peculiar practice in Indiana it appears that the summons, though issued out of and under the seal of the court, is regarded as a mere notice to the defendants that a suit has been instituted. By section 1, p. 341, 2 Rev. St. Ind., it is enacted, "that in all proceedings * * * in civil actions the following forms may be used, and are sufficient," etc. Form No. 37, for "summons," is the same as set forth in the record introduced, without a demand for damages. I think this section, and the form given, in connection with section 35, p. 35, gave the court complete jurisdiction to render such a judgment as they have done, for there can be no controversy about the jurisdiction over the subject matter involved in the suit.

Under the Code practice in some of the states a return of a sheriff, upon service of the summons, such as was made in this case, would not be good. The statutes of both New York and Minnesota enact that in case of service by the sheriff the "certificate shall state the time, place and manner of service." In the federal courts, under the statute conferring jurisdiction, it has been held necessary for the marshal to set forth in his return upon process, when the service took place [Allen v. Blunt, Case No. 215], but in Indiana a return in the form set forth in the record is good; so in Ohio and Iowa. 3 Ind. 316; 11 Ind. 346; 13 Ind. 536; 16 Ohio, 371; 7 Iowa, 42. In Indiana, also, upon failure to answer, the court may hear the proof, and in actions founded on a contract, assess the damages, and render judgment; and the relief granted to the plaintiff, if there be no answer, is limited only by the relief demanded in the complaint. 2 Rev. St. Ind. § 380, p. 123. In view of these provisions of the Indiana statutes, I think the plaintiff is entitled to judgment for the amount claimed in its complaint, to wit, eight thousand two hun-

dred and sixty dollars and ten cents, with costs to be taxed.

[From this judgment the defendants moved for a new trial. Motion denied. See Case No. 8,467, and note.]