# READ *v.* BENTON COUNTY.

APPEAL—COPY OF NOTICE MAY BE WAIVED.—On an appeal from the county to the circuit court, in a proceeding in which the county was defendant, the following admission, indorsed on the notice of appeal was offered to prove service of the notice:

"STATE OF OREGON, } ss.
    BENTON COUNTY. }

I, B. W. Wilson, do hereby accept service of the within notice of appeal in Benton county, Oregon, this 13th day of October, 1881, and waive copy and all irregularities and informalities of said service.

"B. W. WILSON, County Clerk."

*Held*, That the county as a body corporate to sue and be sued, had a right to admit service of a copy of the notice of appeal, and that the clerk was the proper officer through whom to make such service.

APPEAL from Benton County.

*Chenoweth & Johnson*, for appellant.

*Kelsay & Burnett*, for respondent.

By the Court, WALDO, J.:

Section 517 of the code of civil procedure enacts that the proof of the service of a notice of appeal shall be the same as the proof of the service of a summons. Service of a summons may be proved by the written admission of the defendant. The question in this case is the sufficiency of the following written admission of the county clerk of Benton county, indorsed on the notice of appeal:

"STATE OF OREGON, } ss.
　COUNTY OF BENTON. }

I, B. W. Wilson, do hereby accept service of the within notice of appeal in Benton county, Oregon, this 13th day of October, 1881, and waive copy and all irregularities and informalities of said service.

B. W. WILSON, County Clerk."

Where a court has jurisdiction of the subject matter of the action, consent, evidenced by the voluntary appearance of the defendant, may give jurisdiction of his person. (*McConnell* v. *The Pennsylvania C. R. R. Co.*, 49 N. Y., 303–309.) So, it would seem, when a summons has been issued, it is equivalent to the service of the writ, when the defendant voluntarily acknowledges service.

In *Story* v. *Weare*, 35 Miss., 399, the following return of the service of a summons was held good: "I told him I had a writ for him in the within named case, and offered him a true copy thereof, which he refused to receive. I then commenced reading the within to him, and he refused to hear it, and left me. H. T. R., sheriff." Here, the refusal to receive the copy or to hear the writ read, was held the equivalent of a copy and reading.

So in *Rowan* v. *Wallace*, 7 Porter, 171, the court say: "The object of the statute in directing the sheriff to furnish the defendant with a copy of the writ, was doubtless to advise him of the complaint to which he was required to answer, and being intended for his benefit only, it was surely competent for him to dispense with it." See also, *Gregory* v. *Harmon*, 10 Iowa, 445; *Johnson* v. *Monell*, 13 Iowa, 302; *Donlevy* v. *Cooper*, 2 Nott & McCord, 550; *Cady* v. *Tilly*, 4 Col., 342; *Marling* v. *Brobrecht*, 13 W. Va., 463; *Castell* v. *Hiday*, 13 Ind., 536.)

An acknowledgement of service outside the state, like an actual service, of which such acknowledgement is the equivalent, has no validity. (*Scott* v. *Noble*, 72 Penn. St., 115.) Whether an admission of knowledge of the pendency of the action and a waiver of the publication of summons, outside of the state, made after an order of publication of summons, would be the equivalent of the publication, is hardly decided by the last mentioned case, or that of *Wetherbee* v. *Wetherbee*, 20 Wis., 499. But in *McCormack* v. *The First National Bank of Greenburg*, 53 Ind., 466, it was held that an indorsement made on a complaint in vacation: "We hereby enter an appearance to the foregoing action, and waive the issuing and service of process," did not confer jurisdiction of the person. The case was reasoned principally on the ground of the insufficiency of the indorsement to constitute an appearance. What the distinction is, if any, in principle, on the other point, between this case and that of *Castell* v. *Hiday*, 13 Ind., 536, where it was held that a party might waive the reading of a summons, equivalent to the waiver of a copy with us, it is not necessary to consider, as the latter case, which involves the point now before us, rests firmly on reason and authority.

There would seem no ground for making a distinction

between the waiver of a copy by a county and by a natural person. The county is a body politic and corporate to sue and be sued. (Gen. Laws, 535.) An acknowledgement of service may include a waiver of the steps requisite to constitute a personal statutory service. (*Rowan* v. *Wallace*, 7 Porter, 171; *Tolman* v. *Barnes*, 12 Wen., 227.) An admission of service is a mode of proof of service recognized by the statute. The county clerk for the purpose of service is the representative of the county. "Any one (of legal capacity) on whom service may be executed may acknowledge that he has been served." (*Talladega Ins. Co.* v. *Woodward*, 44 Ala., 287.) See also *County of Randolph* v. *Post*, 93 U. S., 502; *Shepherd* v. *Gas Light Co.*, 11 Wis., 234; *Northrup* v. *Insurance Co.*, 47 Mo., 435. The judgment of the court below must be reversed.

Judgment reversed.