THE STATE, EX REL. CHARLES S. RIDGWAY, RELATOR, v.
THOMAS C. HORNER ET AL.

1. If a defendant who has been served with process apply for further time to plead, or by any other equivocal act submits himself to the jurisdiction of the court in the cause, it constitutes his appearance thereto.

2. Section 4 of an act concerning *quo warranto* (*Rev. Sup., p.* 819) is not a limitation upon the power of this court to grant such further time to plead as shall be just and reasonable; on the contrary, it extends. that power to each justice of the Supreme Court, with the restriction that when granted by a single justice the time shall not exceed ten days.

Motion in *quo warranto*.

Argued at November Term, 1892, before Justices DEPUE, WERTS and GARRISON.

For the motion, *Alfred Hugg*.

*Contra, George M. Robeson.*

The opinion of the court was delivered by

GARRISON, J.    This is an information in the nature of a *quo warranto* exhibited by the relators against Charles Hollingshead, John Blowe, Thomas C. Horner and Frederick Way, claiming to be the commissioners of police of the city of Camden, by appointment under an act of the legislature approved May 11th, 1892.    *Pamph. L., p.* 112.    The right of Horner and Way to act at all as members of said board is challenged by this proceeding, whereas the right of Hollingshead and Blowe so to act is admitted, provided they do so in conjunction with the relators.

The proceeding in question is largely regulated by statute. Pursuant to section 3 of a supplemental act (*Rev. Sup., p.* 819), a rule was entered requiring the defendants to plead or demur to the said information within ten days after the ser-

vice of a copy thereof, which, together with a copy of the rule was, on July 3d, served upon Horner and Way, but not upon Hollingshead and Blowe. Against the two defendants thus served the relators now ask judgment by default, notwithstanding the fact that on July 26th pleas to the said information were filed in their behalf.

The first ground upon which this motion is pressed is that no appearance has been entered by or for the defendants.

The act requires the defendants, within ten days after the service of the information, to enter an appearance and file a plea or demurrer thereto, and the contention here is that if the appearance was not entered within ten days the relators are entitled to judgment by default, notwithstanding issue may have been tendered by a valid plea duly filed in the action. This, however, is not so. The act provides no such penalty for failure to appear, and at common law such failure, while it exposed the defendant to punishment and deprived him of certain rights, did not entitle the plaintiff to proceed to judgment until an appearance had been entered for the defendant, for until then he was not in court. *Chit. Gen. Pr.* 3, 292.

Moreover, application for further time to plead was, in effect, an appearance. Any unequivocal act by which the defendant submits to the jurisdiction of the court in the cause is an appearance. The right to enter judgment over a sham plea, or over one filed out of time, assumes that the defendant is in court, and in practice his common appearance is entered by the clerk in making up the record. Upon this motion, therefore, the defendant must be deemed to have appeared and filed his plea; so that the only question is the one secondly urged by the relators, namely, that the plea came too late. The state of facts upon which this contention rests is as follows: On July 3d the defendants, who had been served with the information, were ruled to plead within ten days. Within that time, on July 7th, the attorney of the defendants applied to the Supreme Court, then in session, and without notice to the relators obtained and entered a rule extending his time to

plead sixteen days, within which time the plea in question was filed. The relators insist that this rule was improvidently granted and affords in law no justification for the failure to plead within the time fixed by the statute. The language regulating the matter is this: "The defendant or defendants within ten days after service of said information and rule as aforesaid shall enter an appearance to said action and (unless a justice of the Supreme Court upon proper evidence of a reasonable cause therefor shall grant further time, which, in case there has been personal service, shall not exceed ten days without consent of the relator) shall file his plea or demurrer to said information and in default thereof judgment by default shall be entered against him or them." *Rev. Sup., p.* 820.

The claim of the relator is—

1. That in view of this language the time to plead can be extended by a justice of the Supreme Court only and not by the court itself, and

2. That if the court may act it possesses no greater power in this respect than that here given to a single justice.

Regarding this act and the one to which it is supplemental as statutes regulative of the practice and proceeding in the class of actions to which they refer, it is evident that they must be read together, excepting where the provisions are incompatible or where the intention to substitute a later provision is clearly apparent. The language of the earlier enactment with respect to the time within which pleadings shall be filed is this: "It shall and may be lawful to and for the Supreme Court to allow to such person or persons respectively against whom any information shall be sued or prosecuted, such convenient time to plead or demur as to the said court shall seem just and reasonable." *Rev., p.* 906, § 3. By the later statute a single justice of the Supreme Court is empowered to grant further time, not exceeding ten days. Upon comparison, it is evident that there is not the least repugnancy between these provisions.

There is in the more recent act no indication of any purpose to alter or abridge, still less to abrogate, the power of the court over these actions—its purpose, on the contrary, is to extend that power so that it may be.exercised, under certain restrictions, by each member of the court. The object of the lawmaker doubtless was to enable defendants during the vacations of the Supreme Court to obtain in proper cases the same reasonable relief the court itself, if in session, could grant to them. The main purpose of the later act was to dispense with the cumbersome machinery of the older proceeding, which required the intervention of the attorney general and the leave of the Supreme Court before the right to the possession of a public office could be tried. Incidentally to this general purpose the time within which the pleadings are to be filed is materially shortened. As an indication of legislative policy these provisions have their influence upon the court in which the action is pending, but the power of the court is left untouched by the supplement in question.

Concluding, as we do, that the Supreme Court had the power to extend the time to plead for the space of sixteen days, and the plea having been filed within the time so granted, viz., July 26th last, the present motion must be denied, with leave to the relators to file within ten days after entry of this rule such pleading as they might have filed on the 26th day of July last.