EDWARD B. HOSMER & others *vs.* GEORGE I. HOITT.

Suffolk.   January 11, 1893. — March 28, 1894.

Present: FIELD, C. J., ALLEN, MORTON, & BARKER, JJ.

*Rule of Superior Court — General Order of Court — Entry of Default — Filing of Suggestion of Insolvency — Motion for Continuance pending — " Ripe for Judgment."*

Under the 27th Rule of the Superior Court, providing that " on the first Monday of every month judgment may be entered, in all actions ripe for judgment, under a general order of the court," and a general order adopted thereunder " that judgment be entered on the first Monday of every month . . . in all actions pending in said court which are ripe for judgment," a case in which a suggestion of insolvency has been duly filed by the defendant with a motion for continuance, and a default has been entered for his non-appearance when the case was reached for trial, is not " ripe for judgment," if the motion for a continuance has not in fact been considered and passed upon by the court.

MOTION to strike off a default and continue a case in the Superior Court. Hearing before *Mason,* C. J., who allowed a bill of exceptions, in substance as follows.

The action was one of contract, in which the writ was dated December 24, 1891, and was returnable to the Superior Court on the first Monday of February, 1892. On March 4 following, an affidavit of no defence was filed on behalf of the plaintiffs, and, no counter affidavit being filed, on motion made on April 11, 1892, the case was advanced for speedy trial, and was put upon the trial list. While the case was so upon the trial list, the defendant's attorney caused to be filed in the clerk's office of the Superior Court a suggestion of insolvency, and motion for continuance in the ordinary form. On April 22 following, the motion not having been called to the attention of the court, the defendant was defaulted. Nothing was done thereafter in the case until May 14, 1892, when the defendant filed a motion that the default be stricken off and the case continued to await the proceedings in insolvency then pending.

Rule 27 of the Superior Court is as follows: "-On the first Monday of every month judgment may be entered, in all actions ripe for judgment, under a general order of the court; and the court, or any justice, may at other times order judgment to be entered in any action."

Under this rule, on January 17, 1887, a general order of the court was adopted as follows: " Ordered, that judgment be entered on the first Monday of every month, and on the next day thereafter whenever said Monday is a legal holiday, in all actions pending in said court which are ripe for judgment, unless the party entitled thereto otherwise requests in writing."

The plaintiffs never requested in writing, or otherwise, that judgment should not be entered in their favor.

It has not been the custom of the clerk of the Superior Court, under this rule and order, to make any entries of judgment upon his docket upon the first Monday of each month, either in particular cases or by a general entry, but it has been his custom under that rule and order, without any further order of the court, to enter up judgment as of the first Monday of each month in all cases defaulted during the preceding month. No entry of judgment upon the default in this case had been made upon the clerk's docket when the defendant's motion to remove the default was filed.

The plaintiffs contended that, under the rule and the general or-

der of the court above set forth, the case had gone to judgment in its course on the first Monday of May, although no docket entry to that effect had been entered upon the records of the court, and that, having gone to judgment before the filing of the defendant's motion to remove the default, the court had no power or jurisdiction to direct the clerk to strike off the default; and requested the judge so to rule. The judge declined to rule as requested, and ruled that the case had not gone to judgment under Rule 27 and the general order of the court; and ordered the default stricken off and the case continued. The plaintiffs alleged exceptions.

*S. L. Whipple*, for the plaintiffs.

*G. M. Hobbs*, for the defendant.

BARKER, J. There has been no actual entry of judgment, either on the docket or in the extended records of the court. If the case went to judgment, it did so merely by force of the general order, " that judgment be entered on the first Monday of every month, and on the next day thereafter whenever said Monday is a legal holiday, in all actions . . . which are ripe for judgment, unless the party entitled thereto otherwise requests in writing." But the case was not " ripe for judgment," and so not within the terms of the order. The defendant was defaulted when the case was reached for trial; but the default was entered as of course, and without passing upon the defendant's motion for a continuance, then on the files of the court, and based upon the suggestion of his insolvency, also on file in the ordinary form, with a certificate of the Insolvency Court that proceedings were pending in that court.

It is still the settled practice, upon the suggestion of the insolvency of a defendant, to give him a proper opportunity to procure and plead his discharge in insolvency, (*Barker* v. *Haskell*, 9 Cush. 218, 222,) and a cause in which a suggestion of insolvency has been duly filed with a motion for continuance, and in which a default has been entered for the defendant's nonappearance when the cause is reached for trial, is not ripe for judgment either under the general order, or under Rule 27 of the Superior Court, if the motion for a continuance has not in fact been considered and passed upon by the court.

*Exceptions overruled.*