ATCHISON, T. & S. F. RY. CO. v. LAMBERT.

No. 1252.   Opinion Filed January 9, 1912.

(121 Pac. 654.)

1.   **PROCESS—Issuance—Authority to Issue.**   The clerk of the court is without authority to issue a summons in a cause before a petition is filed by plaintiff; and a summons so issued and service thereof should be quashed for this irregularity upon motion therefor.

2.   **JUDGMENT—Default—Motion Undisposed of.**   Where a motion, not frivolous, has been made by a defendant within the time to plead and is pending undisposed of and not waived, a judgment by default against defendant cannot be taken, unless the determination of the motion either way could not affect the rights of plaintiff to proceed with the cause.

3.   **JUDGMENT—Default—Hearing as to Damages.**   It is error to render judgment by default upon a petition claiming damages, without hearing evidence upon which to assess the damages.

(Syllabus by the Court.)

*Error from McIntosh County Court;*
*Frank W. Rushing, Judge.*

Action by H. D. Lambert against the Atchison, Topeka & Santa Fe Railway Company. Judgment for plaintiff, and defendant brings error. Reversed, with directions.

*Cottingham & Bledsoe, J. B. Furry,* and *Charles H. Woods,* for plaintiff in error.

*C. H. Tully,* for defendant in error.

HAYES, J.   Plaintiff in error prosecutes this proceeding to set aside a judgment by default rendered against it by the county court of McIntosh county on October 6, 1909.   Defendant in error, plaintiff below, filed his petition in the court below on the 29th day of July, 1909, alleging therein, in substance, that on September 11, 1908, he delivered to plaintiff in error, defendant below, at Del Rio, Ariz., a car load of horses for shipment to Chanute, Kan., under a written contract which he attaches to his petition as an exhibit, and makes the same a part of his petition.   He alleges that while the car of horses was at Dodge City, Kan., they were damaged by default of defendant by the car being bumped and the horses thrown from their feet, to plaintiff's injury in the amount of $500, for which sum he prays judgment.   On July 29, 1909, plaintiff filed his præcipe for summons.   The record fails to show that any summons was thereafter issued, but does show that on the 28th day of July, the day before the filing of the petition and the praecipe for summons by plaintiff, a summons was issued, bearing date July 28th, which was thereafter served by the sheriff of Logan county upon J. R. Cottingham, as agent of defendant.   On August 26, 1909, before the return day of the summons, defendant made special appearance and moved to quash the summons and service thereof upon several grounds.   No action was ever taken by the court upon this motion; but while the same was pending judgment by default was rendered.   Defendant thereafter moved the trial court to vacate and set aside this judgment, which motion was overruled.

Several grounds are urged in this court for reversal of the judgment of the trial court, but the only three we shall notice are: First, that the summons issued herein was void; second, that the court committed error in rendering judgment by default while a motion to quash the summons and service thereof was pending;

and, third, that the court rendered judgment for damages without taking any evidence upon which to assess same.

"A civil action may be commenced in a court of record by filing in the office of the clerk of the proper court a petition and causing a summons to be issued thereon." (Section 5591, Comp. Laws 1909.)

By section 5593 it is provided that a summons shall be issued by the clerk upon a written præcipe filed by the plaintiff. The summons shall be directed to the sheriff of the county, commanding him to notify the defendant named therein that he has been sued, and that he must answer the petition filed by the plaintiff at the time stated in the summons, or that the petition will be taken as true and judgment rendered accordingly. In *State Life Ins. Co. of Indianapolis v. Oklahoma City Nat. Bank et al.*, 21 Okla. 823, 97 Pac. 574, it was held that a summons issued after petition filed but not upon the plaintiff's præcipe was not void, and that a defendant could not complain of such irregularity. The clerk may, under such circumstances, refuse to issue a summons until the præcipe is filed by the proper party; but, if the summons is issued, the defendant is not prejudiced thereby nor the jurisdiction of the court affected. But the facts in this case present a different question. Here there was neither præcipe nor petition filed when the purported summons was issued. We think the filing of a petition necessary to vest the clerk with authority to issue the summons. It is impossible for him to comply with any of the provisions of the statute relative to the issuance of said summons, without a petition filed in his office; for it is necessary that the summons shall command the defendant to answer some petition filed and to notify him that judgment will be taken according to such petition, if answer is not made. This is impossible, unless before the issuance of the summons a petition is filed with the clerk. *Mills et al. v. State,* 10 Ind. 114; *Lowrey v. Richmond & Danville Railroad Co.,* 83 Ga. 504, 10 S. E. 123. The clerk was without authority to issue the summons on the date it was issued, and the same is void.

Upon the second proposition there is a division among the decided cases, but the weight of authority, as well as the sounder

reason, seems to support the rule that, where a motion, not frivolous upon its face, has been made by the defendant and is pending undisposed of and not waived, a judgment by default against him cannot be taken, unless the determination of the motion either way could not affect the right of plaintiff to proceed with the cause. *Rice v. Simmons,* 89 Ark. 359, 116 S. W. 673; *Story v. Ware,* 35 Miss. 399, 72 Am. Dec. 125; *Hosmer v. Hoitt,* 161 Mass. 173, 36 N. E. 835; *Mitchell v. Campbell,* 14 Ore. 454, 13 Pac. 190; *Cooper v. Condon,* 15 Kan. 572; 6 Encyc. of Plead. & Prac. 93; 23 Cyc. 757.

Motions are authorized by the Code. Section 6058, Comp. Laws 1909. A motion to quash and vacate a summons and service thereof has been recognized as the proper procedure for challenging summons and service thereof because of irregularities; and, when such a motion is overruled and an exception saved, the point is not waived by the defendant by pleading to the merits of the case. *Bes Line Town Construction Co. v. Schmidt,* 16 Okla. 429, 85 Pac. 711. The motion to quash in the instant case was meritorious. If the court had disposed of same and properly determined it, plaintiff could not have proceeded to trial and no judgment would have been rendered, for it properly challenges the jurisdiction of the court over the persons of defendant. It would be a strange and inconsistent procedure to hold that defendant, in order to challenge the attention of the court to the want of jurisdiction over his person, because of irregularities in the summons and service thereof, must do so by a motion to quash, but, in order to prevent a default judgment from being entered against him and avoid the subsequent proceeding necessary to set aside such judgment, must file an answer by which he would waive all irregularities in the service and enter appearance. Where a motion is frivolous upon its face or has not been filed with promptness and its evident purpose is one of delay, a different question might be presented; but the record in this case does not present that condition.

The court rendered judgment for plaintiff in the amount of damages sued for, without taking any evidence to establish the amount thereof. This was in contravention of the statute. Sec-

tion 5923, Comp. Laws 1909. It was error to pronounce judgment upon plaintiff's petition, without hearing proof on which to assess the damages. *City of Guthrie v. Harvey Lumber Co.,* 5 Okla. 774, 50 Pac. 84.

Other propositions for reversal are urged, some of which may have merit; but, since for the reasons already named the cause must be reversed, with direction to set aside the judgment by default, it is unnecessary to notice them.

TURNER, C. J., and WILLIAMS, J., concur; DUNN and KANE, JJ., not participating.