## ST. LOUIS & S. F. R. CO. v. YOUNG.

No. 1018.   Opinion Filed March 11, 1913.

(130 Pac. 911.)

1. **PLEADING—Motion to Make More Definite and Certain—Time—Extension of Time "to Plead."** A motion to make more definite and certain, which is provided for by section 5659, Comp. Laws 1909, may be made at any time within the period allowed to answer or demur by section 5645, Comp. Laws 1909, and if the defendant obtains an extension of time in which "to plead," he does not thereby waive the right to make such motion within the time so extended.

2. **JUDGMENT—Pleadings—Undisposed of Motion.** Where a motion to make a petition more definite and certain, not frivolous, has been filed by a party within the time to plead, and is pending undisposed of and not waived, a judgment upon the pleadings against the defendant cannot be taken.

(Syllabus by the Court.)

Hayes, C. J. dissenting.

*Error from Creek County Court;*
*John C. Davis, Judge.*

Action by Wm. A. Young against the St. Louis & San Francisco Railroad Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*W. F. Evans* and *R. A. Kleinschmidt,* for plaintiff in error.

*F. W. Jacobs* and *J. Harvey Smith,* for defendant in error.

KANE, J.   This was an action commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, to recover for work and labor. In due time the defendant filed a special appearance, and moved to quash the summons, which was overruled by the court, whereupon the court granted the defendant "30 days in which to plead." Within the time "to plead" granted by the court the defendant filed a motion to require plaintiff to make his petition more definite and certain. Thereafter the plaintiff filed a motion for judgment on the plead-

ings which motion the court, without considering defendant's motion to make more definite and certain, sustained, and, without hearing any evidence, rendered judgment for the plaintiff, to reverse which this proceeding in error was commenced.

The first, and only, question of any seriousness in the case is: Was the order of the court, "30 days in which to plead," broad enough to authorize the defendant to file a motion to make more definite and certain within the time to plead granted by the court? Our former opinion was based upon the theory that by the leave granted the defendant was restricted to filing an answer, demurrer, or a pleading of the class set out in section 5626, Comp. Laws 1909, which provides:

"The only pleadings allowed are: First. The petition by the plaintiff. Second. The answer or demurrer by the defendant. Third. The demurrer or reply by the plaintiff. Fourth. The demurrer by the defendant to the reply of the plaintiff."

Upon further reflection, that is too narrow a construction to place upon the words "to plead," as used in the order of the court. It has been the general understanding among the lawyers of this jurisdiction for a great many years that, when leave to plead out of time is granted in the general language of the order herein, it is sufficient to authorize the party securing the leave to file within the extension any of the motions or pleadings provided for by law. That counsel for defendant in error do not form the exception to the general rule above stated is apparent from the following excerpt taken from their brief:

"We admit that the defendant below had a right to file that motion and have it acted upon within the 30 days, and, before it was in default, file the pleading it took leave to file."

That also is the practice which seems to be approved in 21 Enc. of Pl. & Pr. 701, where it is said:

"Where an extension of time for pleading or pleadings after the prescribed period has been allowed, it is advisable that the party benefited thereby should comply strictly with the order as made; because, unless the leave were general, 'to plead, answer, or demur,' the authorities are not in unison upon the question whether the party is entitled to put in any pleading, or motion in the nature of one, but that specified in the order."

The form approved by the text certainly contemplates that leave "to plead" embraces leave to file all other pleas or motions except those embraced within leave "to answer or demur."

Section 5659, Comp. Laws 1909, provides:

"If redundant or irrelevant matter be inserted in any pleading, it may be stricken out, on motion of the party prejudiced thereby; and when the allegations of a pleading are so indefinite and uncertain that the precise nature of the charge or defense is not apparent, the court may require the pleading to be made definite and certain by amendment."

The foregoing statute clearly provides for a motion to make more definite and certain, but neither the statute nor any rule of court fixes any definite time in which the motion must be made.

In *A., T. & S. F. Ry. Co. v. Lambert,* 31 Okla. 300, 121 Pac. 654, it was held that the proper time to file a motion to quash a summons is "within the time to plead."

In *Young v. Lynch,* 66 Wis. 514, 29 N. W. 224, a motion to make more definite and certain was filed within an extension of time "to answer or demur," provided for by stipulation. The court held:

"A motion that the complaint be made more definite and certain may be made at any time within the period allowed for answering; and, if the defendant obtains a stipulation extending the time to answer or demur, he does not thereby waive the right to make such motion within the time so extended."

In the opinion, Taylor, J., discussing this proposition, says:

"In this case the motion was made before the time to answer had expired; but it is urged by the learned counsel for the respondent that the right to make the motion was waived by obtaining a stipulation extending the time to answer or demur; and that, having obtained that stipulation extending the time, and not having reserved in terms the right to make such motion in the meantime, he waived such right. We think this objection to the motion should not prevail. Neither the statute nor the rules of court fix any definite time within which the defendant must make his motion; and as one object of the motion is to enable the defendant to answer understandingly, and as the plaintiff may of his own motion, and without leave of the court, amend his complaint and make it more definite and certain if it be defective in that respect, at any time before the time to answer has expired,

the defendant may make his motion to require it to be done within the same time."

There is a dearth of authority on the exact question under consideration, but what there is clearly supports the conclusion we have reached. The Wisconsin case, however, is strongly in point, and, as the statute of Wisconsin upon which the opinion is based is substantially the same as our own, we consider it very persuasive.

Having reached the conclusion that the defendant, under the leave granted, was entitled to file a motion to make more definite and certain, the authorities uniformly support the proposition that where a motion to make a petition more definite and certain, not frivolous, has been filed by a party within the time to plead, and is pending undisposed of and not waived, a judgment upon the pleadings against the defendant cannot be taken. *A., T. & S. F. Ry. Co. v. Lambert,* 31 Okla. 300, 121 Pac. 654; *Chivington v. Colorado Springs Co.,* 9 Colo. 597, 14 Pac. 212; *Farris v. Walter,* 2 Colo. App. 450, 31 Pac. 231; *Story v. Ware,* 35 Miss. 399, 72 Am. Dec. 125; *Blythe et al. v. Hinckley et al.* (C. C.) 84 Fed. 228; *Atchison, etc., Ry. Co. v. Nicholls,* 8 Colo. 188, 6 Pac. 512; *Ridgway v. Horner,* 55 N. J. Law, 84, 25 Atl. 386.

The judgment of the court below is reversed, and the cause remanded, with directions to grant a new trial.

DUNN and TURNER, JJ., concur; HAYES, C. J., dissents; WILLIAMS, J., absent, and not participating.