## OKLAHOMA STATE BANK OF CUSHING v. BUZZARD et al.

No. 7110—Opinion Filed Oct. 10, 1916.

(160 Pac. 462.)

### 1. Judgment—Default—Pendency of Pleading.

There can be no judgment by default where there is on file an answer or other pleading raising an issue of law or fact.

## 2. Same.

Before a default judgment can be properly entered the answer or other plea must be disposed of in an orderly way by motion, demurrer, or in some other manner.

## 3. Same—Vacation of Judgment.

Where by order of court a defendant was granted time within which to plead without jurisdiction as to the character of pleading, and conformably to such order the defendant files a proper pleading presenting the question of jurisdiction of the court over the person of the defendant, a judgment by default against such defendant prior to the disposal of such pleading was prematurely rendered and a motion to vacate the same filed at the same term should have been sustained. In such case it is unnecessary that such party should affirmatively allege a defense to the cause of action stated in the petition.

(Syllabus by Hooker, C.)

Error from District Court, Garfield County; James W. Steen, Judge.

Action by F. B. Buzzard and another against the Oklahoma State Bank of Cushing. Judgment for plaintiffs, and defendant brings error. Reversed and remanded, with directions.

John F. Curran, for plaintiff in error.

Parker & Simons, for defendants in error.

Opinion by HOOKER, C. On the 23d day of January, 1914, F. B. Buzzard instituted suit in the district court of Garfield county, Okla., against the Oklahoma State Bank, of Cushing, located in Payne county, Okla., and one E. H. Howell, and caused summons to be issued to said bank directed to the sheriff of Payne county, which was subsequently served upon said bank in Payne county, Okla., and service of summons was made upon Howell in Garfield county, Okla., the county of his residence.

It is alleged in said petition that on the 23d day of October, 1913, the said Buzzard entered into a written contract with the Jones Oil & Gas Company, a corporation, and other parties named therein, whereby pursuant to said contract the plaintiff deposited in the Oklahoma State Bank of Cushing the sum of $1,000, and that E. H. Howell was named as one of the parties in said contract, but that he was only a nominal party and that no part of the $1,000 thus deposited by plaintiff with said bank belonged to the said Howell, but that all of said money was advanced by the plaintiff and other parties associated with him: that by the terms of said contract, it was provided that said $1,000 should be forfeited and turned over to first parties in the event plaintiff failed to comply with his contract, and that

this provision was null and void and gave said parties of the first part no right to demand or to receive said money as a forfeiture for his failure to perform said contract.

It was further alleged in the petition that the Oklahoma State Bank aforesaid, without right or authority, paid said $1,000 to the Jones Oil & Gas Company, and thereby said bank converted said money to its own use and benefit and became liable therefor to the plaintiff, and that the bank turned said money over to said company by the direction of the defendant E. H. Howell, and that if the said Howell consented thereto the same was unauthorized, and without authority of the plaintiff, and that the said Howell was acting in collusion with the defendant and the oil company for the purpose of defrauding plaintiff out of said money; that the said Howell refused to join with the plaintiff in this action, and for that reason and the facts above stated is made a party defendant herein. Wherefore the plaintiff sought to recover judgment against the bank and Howell for the sum of $1,000, with interest.

Thereafter on the 20th day of February, 1914, the Oklahoma State Bank filed the following motion in said cause in said court (omitting caption):

"Comes now the Oklahoma State Bank, defendant herein, appearing specially and solely for the purpose of pleading to the jurisdiction of this court in the action brought by the plaintiff F. B. Buzzard, denies that this court has any jurisdiction of the person of the Oklahoma State Bank of Cushing, Oklahoma, for the reason that said Oklahoma State Bank of Cushing, Oklahoma, is a corporation duly organized under and doing business under the laws of the state of Oklahoma, and is a nonresident of this, Garfield county, and is a legal resident and entitled to be sued only in Payne county, state of Oklahoma; and for the further reason that the complaint in this cause discloses that the person by the plaintiff made codefendant herein, E. H. Howell, is not a proper party defendant and was so made a defendant in order to try to establish the venue in another county than that in which the defendant, the Oklahoma State Bank of Cushing, is authorized to be sued. That the complaint does not show any joint cause of action by plaintiff against the Oklahoma State Bank of Cushing, Oklahoma, and E. H. Howell, and that the summons for this defendant in this cause was illegally served and for the further reason that this court has no jurisdiction of the subject-matter of this action.

"Wherefore said defendant the Oklahoma State Bank of Cushing, Oklahoma, asks that this action be dismissed as to this defendant and for his cost."

On February 9, 1914, E. H. Howell filed a

demurrer for himself to said petition, and thereafter, on the 15th day of June, 1914, the court heard the motion of the bank, and, being fully advised in the premises, overruled and denied the same to which ruling the bank 'excepted, and thereupon on the same day the plaintiff made application to amend his petition and was allowed 10 days in which to do so, and the bank was allowed 20 days in which to plead to said amended petition.

On the 22d day of June, 1914, the plaintiff filed an amended petition, which alleged conspiracy upon the part of the bank and Howell and the oil company in detail, the purpose of which was to defraud the plaintiff, and to appropriate the $1,000 deposited by plaintiff with said bank.

Thereafter on the 9th day of July, 1914, the Oklahoma State Bank of Cushing filed virtually the same motion which it had formerly filed to the original petition in this cause. This motion was never acted upon by the court.

On the 5th day of September, the resident defendant E. H. Howell filed a separate answer to said amended petition. And on the 5th day of September a judgment by default was rendered in said action in favor of the plaintiff and against the Oklahoma State Bank.

Thereafter on the 29th day of September, 1914, and at the same term of the court, the Oklahoma State Bank of Cushing filed its motion to vacate and set aside said judgment for the reason that its plea to the jurisdiction of the court had not been passed upon by the court, and therefore it was not in default. And for the further reason that no judgment had been rendered in said cause against the resident defendant E. H. Howell. This motion to vacate said judgment was on the 26th day of October, 1914, overruled by the court, to which ruling of the court the said bank excepted.

It is contended by the bank that this judgment was prematurely rendered for the reason that at the time of its rendition it had on file a plea to the jurisdiction of the court. and that until this plea to the jurisdiction was passed upon by the court it was not in default as claimed by the plaintiff below.

The defendant in error, however, asserts that when the bank filed its motion attacking the jurisdiction of the court, that inasmuch as it raised nonjurisdictional as well as jurisdictional questions therein, it entered its appearance to said action for all purposes and could not thereafter be heard to say that it was not properly served therein; and they further assert that inasmuch as this question of jurisdiction had been passed upon adversely to the bank, that when it filed its said motion attacking the jurisdiction of the court it did so without authority or permission of the court, and although its plea to the jurisdiction was on file, the same was equivalent to no pleading, and that it was therefore in default at the time of the rendition of said judgment; and it is further asserted by the defendant in error that when the bank filed its motion to vacate said judgment, for the reason stated above, it entered a general appearance to this action which had the effect to validate the judgment that had been rendered against it, and that thereafter it could not be heard to say that summons was improperly served in said action against it.

Section 4706, Revised Laws 1910, provides as follows:

"Where the action is rightly brought in any county, a summons shall be issued to any other county against any one or more of the defendants, at the plaintiff's request."

It was claimed here by the bank that it could not lawfully be served with summons issued in this action, for the reason that under the facts of the case, Howell, its co-defendant, in said petition, had no substantial interest in the subject-matter of the action, and that joining him as a party defendant was for the sole and exclusive purpose of getting jurisdiction in said cause of the plaintiff in error in the district court of Garfield county. So at the threshold of this suit the bank raised this question by a motion properly filed in this action, and throughout this proceeding it has constantly objected to the jurisdiction of the court over it for this reason. Yet it is asserted here that because the bank asserted nonjurisdictional matter in its motion, it therefore waived the jurisdictional question involved and voluntarily entered its appearance to said action for all purposes.

It cannot be said that the bank did not have the right to raise this jurisdictional question to the petition as amended, for the amended petition might have shown upon its face that it was improperly summoned in said cause, or it might, as it did, have stated a state of facts which would have required virtually a trial upon the merits of the cause before the court could determine whether the codefendant of the bank was rightfully sued in the county where this action was brought.

The court made the order granting permission to the bank to plead, and this order does not limit or prescribe the character of plead-

ing, which the bank should have filed to this amended complaint.

In 23 Cyc. 750, it is said:

"When an answer or other pleading of a defendant, raising an issue of law or fact, is properly on file in the case, no judgment by default can be entered against him; to authorize a default, the answer or other pleading must be disposed of by motion, demurrer, or in some other manner. Even though the plea filed by the defendant is bad in form or substance, yet, if it does not admit the plaintiff's case the latter cannot have judgment for want of a plea." See authorities cited at page 750.

In Crossan v. Cooper, 41 Okla. 281, 137 Pac. 354, this court said:

"(1) There can be no judgment by default where there is on file an answer or other pleading raising an issue of law or fact.

"(2) Before a default judgment can be properly entered, the answer or other plea must be disposed of in an orderly way by motion, demurrer, or in some other manner."

Also in St. Louis & S. F. R. Co. v. Young, 35 Okla. 521, 130 Pac. 911, this court said:

"The first, and only question of any seriousness in the case is: Was the order of the court, '30 days in which to plead,' broad enough to authorize the defendant to file a motion to make more definite and certain within the time to plead granted by the court? Our former opinion was based upon the theory that by the leave granted the defendant was restricted to filing an answer, demurrer, or a pleading of the class set out in section 5626, Comp. Laws 1909, which provides: 'The only pleadings allowed are: First. The petition by the plaintiff. Second. The answer or demurrer by the defendant. Third. The demurrer or reply by the plaintiff. Fourth. The demurrer by the defendant to the reply of the plaintiff.'

"Upon further reflection, that is too narrow a construction to place upon the words 'to plead,' as used in the order of the court. It has been the general understanding among the lawyers of this jurisdiction for a great many years that, when leave to plead out of time is granted in the general language of the order herein, it is sufficient to authorize the party securing the leave to file within the extension any of the motions or pleadings provided for by law. That counsel for defendant in error do not form the exception to the general rule above stated is apparent from the following excerpt taken from their brief: 'We admit that the defendant below had a right to file that motion and have it acted upon within the 30 days, and, before it was in default, file the pleading it took leave to file.' * * *

"The form approved by the text certainly contemplates that leave 'to plead' embraces leave to file all other pleas or motions ex-cept those embraced within leave 'to answer or demur.'

"Section 5659, Comp. Laws 1909, provides: 'If redundant or irrelevant matter be inserted in any pleading, it may be stricken out, on motion of the party prejudiced thereby; and when the allegations of a pleading are so indefinite and uncertain that the precise nature of the charge or defense is not apparent, the court may require the pleading to be made definite and certain by amendment.'

"The foregoing statute clearly provides for a motion to make more definite and certain, but neither the statute nor any rule of court fixes any definite time in which the motion must be made.

"In A., T. & S. F. R. Co. v. Lambert, 31 Okla. 300, 121 Pac. 654 [Ann. Cas. 1913E, 329], it was held that the proper time to file a motion to quash a summons is 'within the time to plead.' * * *

"Having reached the conclusion that the defendant, under the leave granted, was entitled to file a motion to make more definite and certain, the authorities uniformly support the proposition that where a motion to make a petition more definite and certain, not frivolous, has been filed by a party within the time to plead, and is pending undisposed of and not waived, a judgment upon the pleadings against the defendant cannot be taken." See authorities cited in this opinion.

"A judgment may be set aside where it is shown to have been entered by the clerk without any authority therefor, whether his entry thereof was the result of a mistake inadvertently or wrongful intent; and the same is true where the entry was ordered by the court improvidently or under mistake. A similar rule obtains where the entry of judgment was premature, either because made before the return day or the day fixed by law for entering judgments, or before the time for answering had expired, or while there was an answer or demurrer on file not disposed of, or because, for any other reason, it was made before the case was ripe for trial or regularly came up for hearing."

Therefore under the authorities above cited we must hold that the bank in this case under the order of the court given had the right and authority to file this motion attaching the jurisdiction of the court over it, and that as long as this motion was before the court undisposed of, the said bank was not in default in said action, and that the judgment rendered therein against it in favor of the plaintiffs below was prematurely rendered. The defendants in error here insist that when the bank came into court after judgment had been rendered against it and filed the application that it did to vacate and set aside the judgment which if unsuccessful related back to the original pleadings in the case, it gave the court full jurisdiction, validating the judgment and pre-

cluded the defendant from any further attack upon it.

We have read the authorities cited by the defendants in error, but we regard the opinion of this court in the case of Griffin et al. v. Jones et al., 45 Okla. 305, 147 Pac. 1024, as more applicable to the case at bar. And in that case this court said:

"We are of the opinion from the foregoing authorities that the rule supported by reason is that, when a motion to vacate a judgment under section 5274 of the Revised Laws of 1910, is filed, and the party's motion alleges jurisdictional as well as nonjurisdictional grounds. he thereby makes a general appearance and waives jurisdiction over his person. Notwithstanding this fact, it is the duty of the court to investigate and ascertain whether or not the proceedings resulting in the judgment and the judgment itself are so irregular that they would be held to be fatal upon appeal direct from the judgment, and that in case injustice has been done, and it is clear the judgment is inequitable, it should be vacated, to the end that the controversy may be heard upon the merits in the interest of justice. Upon a petition in error to this court from the action of the trial court denying such motion to vacate, if it clearly appears that the proceedings of the trial court and the judgment are irregular to the extent that the defects would be held to be fatal upon an appeal from such judgment, or that the judgment is clearly unjust and inequitable by reason of such irregularities, the order of the trial court denying such motion will be held reversible error, and the cause reversed." See authorities cited in this opinion.

The case of Griffin et al. v. Jones et al., supra, and Richardson v. Howard, 51 Okla. 240, 151 Pac. 887, sustain the view that this judgment should have been vacated upon the motion filed by the plaintiff in error in the court below, and it was unnecessary for the plaintiff in error to have alleged in its motion that it had a defense to this action. See, also, A., T. & S. F. R. Co. v. Schultz, 24 Okla. 365, 103 Pac. 756; Leforce et al. v. Haymes, 25 Okla. 190; 105 Pac. 644; section 5267, subd. 3, Revised Laws 1910; section 5268, Revised Laws 1910; section 5269, Revised Laws 1910.

From the foregoing authorities we are of the opinion that the judgment rendered in this action was premature, and that the trial court abused its discretion in refusing to set aside judgment upon the motion filed by the plaintiff in error therein, and this action is therefore reversed, and the cause remanded, with directions to the trial court to vacate and set aside said judgment, and to proceed further in keeping with this opinion.

By the Court: It is so ordered.