## TIDAL OIL CO. v. HUDSON.

No. 14150—Opinion Filed July 24, 1923.

Rehearing Denied Oct. 9, 1923.

(Syllabus.)

1. **Appeal and Error — Discretionary Rulings—Vacation of Judgment.**

As a general rule, a motion to vacate a judgment is addressed to the sound legal discretion of the trial court, on the particular facts in the case, and its judgment will not be reversed except where a clear abuse of discretion is presented.

2. **New Trial—Trial Judge Vacating Office Before Judgment—Retrial.**

As a general rule, where a judge who tries a case has under advisement a demurrer to the sufficiency of evidence, and goes out of office without passing upon such demurrer, his successor in office, not having heard the evidence, in the absence of an agreed statement of facts, or a transcript of the evidence taken, cannot intelligently pass upon a demurrer to the sufficiency of the evidence, and will ordinarily grant a retrial as a safer means of dispensing justice.

3. **Judgment—Vacation of Default—Necessary Showing.**

In an action brought under sections 810-812, Comp. Stat. 1921, to warrant the setting aside of a default judgment a clear case of unavoidable casualty and lack of negligence and laches should be presented.

Error from County Court, Okmulgee County; Hugh Murphy, Judge.

Petition by the Tidal Oil Company, formerly Okla Oil Company, to vacate default judgment in favor of William B. Hudson. Petition denied, and the oil company brings error. Affirmed.

Y. P. Broome and J. C. Wilhoit, for plaintiff in error.

W. M. Matthews and W. C. Alley, for defendant in error.

HARRISON, J. This is an appeal from an order refusing to vacate a default judgment. The facts which gave rise to this action are as follows:

In June, 1915, William B. Hudson brought an action against Okla Oil Company, now the Tidal Oil Company, plaintiff in error, and C. D. Webster Oil Company. The Webster Oil Company was dropped out of the suit, and the cause went to trial against the Okla Oil Company November, 1915. Hudson introduced his evidence and rested, the Okla Oil Company demurred to the evidence, and the judge took the demurrer under advisement, but later went out of office without passing on the demurrer. A successor, Hon. Dudley C. Monk, was appointed and served a term without taking action in the case.

Upon his resignation, Hon. Riley Cleveland became county judge, and on general order assigned the cause for trial October 16, 1919, four years after the demurrer had been taken under advisement. The record does not show that any action was ever taken upon the demurrer.

On October 16, 1919, the cause was called for trial pursuant to order of assignment, but the Okla Oil Company did not appear, and was thereupon adjudged in default, and upon proof submitted by plaintiff, judgment was rendered against the Okla Oil Company for $983.91.

On February 26, 1920, execution was issued to the sheriff of Okmulgee county, but returned March 16, 1920, "no property found."

It does not appear whether an alias execution was ever issued, but on September 22, 1920, the Okla Oil Company began this action by filing a petition to vacate the default judgment, rendered against it October 16, 1919.

On September 21, 1922, this cause was submitted to the court upon the amended petition to vacate the judgment. The journal entry of judgment contains the following recital, to wit:

"Whereupon said cause was submitted to the court upon the amended petition of the defendant to vacate said judgment, the answer of the plaintiff thereto, and agreed statement of facts submitted and filed with the court, and on the evidence put in by defendant, and the court, after considering said pleadings and said statement of facts and said evidence and the argument of counsel, time being given both parties to file briefs, said cause was taken under advisement by the court."

Thereafter the application to vacate was denied and judgment rendered denying the petition to vacate default judgment.

Two propositions are presented for reversal: (1) That in the original trial the court, having taken the demurrer under advisement, and not having disposed of the demurrer, was without power to set the case for trial without notice to the defendant, Okla Oil Company; (2) the answer tendered by defendant, with its petition to vacate the default judgment, pleads a good defense to the cause of action asserted by plaintiff.

Both these propositions are controlled by the simple question whether or not good cause was shown to the trial court for vacating the judgment sought to be set aside.

The action was brought under sections 810-812, Comp. Stat. 1921. Plaintiff in error

cites Carter v. Grimmett, 89 Okla. 37, 213 Pac. 732, Oklahoma State Bank of Cushing v. Buzzard, 51 Okla. 78, 160 Pac. 462, St. L. & S. F. Ry. Co. v. Young, 35 Okla. 521, 130 Pac. 911, and A., T. & S. F. Ry. Co. v. Lambert, 31 Okla. 300, 120 Pac. 654, in support of the first proposition.

No authorities are cited on the second proposition, but, as stated before, both questions go to the sufficiency of the showing made for setting aside the judgment.

In deciding the question of the sufficiency of the showing, consideration must be given to the general rule that a motion to vacate judgment is addressed to the sound legal discretion of the trial court on the particular facts in the case, and its judgment will not be reversed except where a clear abuse of discretion is presented. Wood v. Steil, 27 Okla. 595, 112 Pac. 1004; Tracy v. Fancher, Co. Atty., 60 Okla. 109, 159 Pac. 496.; Philip Carey Co. v. Vickers, 38 Okla. 643, 134 Pac. 851 : 23 Cyc. 895.

The facts in the case at bar necessitate consideration of the following rule also:

"Where a judge who tries a case has under advisement a demurrer to the sufficiency of the evidence and goes out of office without passing upon the demurrer, his successor, not having heard the evidence, in the absence of an agreed statement of facts or a transcript of the evidence taken, cannot intelligently pass upon a demurrer to the sufficiency of the evidence, and as a general rule should grant a retrial as the safer means of dispensing justice." Clayton v. Ryan (Col.) 24 Pac. 258; In re Sullivan (Cal.) 74 Pac. 155; Bahnsen v. Gilbert (Minn.) 56 N. W. 1117; 23 Cyc. 565.

Hence the first proposition is untenable under the condition presented here. The judge who heard the testimony and took under advisement a demurrer to the sufficiency of same did not pass upon the demurrer, nor does the record disclose that the Okla Oil Company made any effort to have such demurrer passed upon, or made any complaint that it was not passed upon during the term of the judge who heard the evidence and had the demurrer under advisement, but the case was allowed to drag along through two successive terms with no effort on the part of the Okla Oil Company to have the matter acted upon in any way. Four years later, a successor to the judge who succeeded the trial judge, observing the case still standing on his docket undisposed of, realizing his inability to properly pass upon the demurrer, assigned the case for retrial on October 16, 1919, and upon such date, the Okla Oil Company, failing to appear, was adjudged in default, and upon the agreed statement of facts already on file in the case and additional evidence submitted by Hudson, rendered judgment in favor of Hudson. In the instant case, to warrant the setting aside of the judgment, a clear case of unavoidable casualty and lack of negligence and laches should have been presented. It is evident that to the sound discretion of the trial court such a case was not presented.

The record presents no effort on the part of the Okla Oil Company to ascertain the status of the case, but shows a total absence of diligence in having the matter determined and in endeavoring to ascertain its status.

The Okla Oil Company, or its successor, the Tidal Oil Company, contends that it had no notice of the case having been assigned for trial, no notice of any action having been taken in the case, nor that it had been assigned for trial. It appears from the record, however, that it was the custom of the court clerk to send out notice of the assignment of cases for trial. It does not appear whether the court clerk did, in fact, send out notices. Plaintiff in error, Tidal Oil Company, denied having received any notice, but does not claim to have exercised the slightest degree of diligence in ascertaining the status of the case, nor claim to have been prevented from ascertaining such facts by any unavoidable casualty, nor do the facts stated constitute unavoidable casualty.

In view of the record and the matters taken into consideration by the trial judge, as disclosed by the foregoing recital from the journal entry of judgment, we cannot say that the refusal to vacate the judgment constitutes abuse of discretion. In our opinion it does not.

The judgment is affirmed.

JOHNSON, C. J., and McNEILL, KENNAMER, NICHOLSON, COCHRAN, BRANSON, and MASON, JJ., concur.