# MISSOURI, K. & T. RY. CO. v. BOX.

### No. 4113.    Opinion Filed June 22, 1915.
### (150 Pac. 111.)

**RAILROADS—Killing of Stock—Direction of Verdict—Evidence.** In an action against a railroad company for negligently killing stock, where the plaintiff's right of recovery depends upon defendant's negligence, and where there is no evidence tending to prove negligence, and no circumstances from which negligence might be reasonably inferred, it is the duty of the trial court to direct a verdict in favor of the defendant.
(Syllabus by Galbraith, C.)

*Error from County Court, Pittsburg County;*
*D. T. Hammond, Judge.*

Action by Sam Box against the Missouri, Kansas & Texas Railway Company. Judgment for plaintiff, and defendant brings error. Reversed.

*C. L. Jackson, W. R. Allen,* and *M. D. Green,* for plaintiff in error.

*J. B. Whitt,* for defendant in error.

Opinion by GALBRAITH, C. This was an action to recover the value of three Durock Jersey hogs, alleged to have been killed by one of the passenger trains of the plaintiff in error, and due to the negligent management and operation of said train at the time. The defendant in error recovered judgment before a justice of the peace, and also on appeal in the county court of Pittsburg county. To review this last judgment the case is brought to this court.

The assignments of error are: (1) The overruling of a demurrer to the plaintiff's evidence; (2) the refusal of a peremptory instruction to the jury to return a verdict for the defendant; and (3) the overruling of the motion for a new trial.

The testimony shows that the hogs were kept in an inclosure about one-half mile from the right of way of the railroad company near the town of Crowder in Pittsburg county; that on the 1st of June, 1911, they broke out of the inclosure and strayed upon the right of way of the railroad company and were killed, as was charged, by a southbound passenger train one-half mile north of Crowder about noon of that day. No eye witnesses testified that this train killed the hogs. The plaintiff testified that the section foreman told him he thought this train killed them. Both the engineer and the fireman on this train were called as witnesses on behalf of the defendant, and each testified that they did not see the hogs on the right of way at that time, and, also, that this train did not strike any hogs. It is admitted that the hogs were trespassing upon the right of way, and that the company was not obliged to keep a lookout for them, and owed them

no duty except to use reasonable care to avoid injuring them after they were discovered in a position of peril.

This case seems to be controlled by the rule announced in *A., T. & S. F. R. Co. v. Davis & Young,* 26 Okla. 359, 109 Pac. 551; *A., T. & S. F. R. Co. v. Henderson,* 27 Okla. 560, 112 Pac. 986; *A., T. & S. F. R. Co. v. Ward,* 32 Okla. 187, 120 Pac. 982; *St. L. & S. F. R. Co. v. Brown,* 32 Okla. 483, 122 Pac. 136; *M., K. & T. R. Co. v. Savage,* 32 Okla. 376, 122 Pac. 656; *St. L. & S. F. R. Co. v. Smith,* 41 Okla. 314, 137 Pac. 357; *C., R. I. & P. R. Co. v. Westheimer & Daube,* 44 Okla. 287, 144 Pac. 356.

The defendant in error, however, contends that the fact that the company did not call the section foreman as a witness justifies the inference that his testimony would have contradicted that of the engineer and fireman, and from this fact the jury were justified in drawing the inference that the engineer and fireman did see the hogs and were, therefore, negligent in running over them. What is said by the court in *A., T. & S. F. R. Co. v. Davis & Young, supra,* does not justify this contention. The section foreman lived in the same neighborhood as the plaintiff, and, as shown by his testimony, the plaintiff had conversed with him relative to the killing of these hogs, and if the plaintiff wished the benefit of the foreman's testimony it was his duty to call him as a witness as he had a right to do, and the fact that he did not call him, on the theory advanced by the defendant in error, would justify an inference that his testimony would have been unfavorable.

There was not a particle of testimony before the jury in this case that the engineer and fireman saw these hogs, either before they were struck or afterwards. The un-

contradicted testimony was that they did not see them, and, as the court said in *A., T. & S. F. R. Co. v. Henderson, supra:* "Courts cannot disregard the uncontradicted evidence of unimpeached witnesses, and it was error for the court below to do so."

When the demurrer of the plaintiff in error was interposed in the trial court, and also when the motion for an instructed verdict was requested, the uncontradicted testimony before the court and jury was that the fireman and engineer on this train did not see the hogs. If they did not see them, under the established rule in this jurisdiction, they owed no duty to them, and even if the train did kill the hogs while trespassing on its right of way, the company was not liable, and the demurrer to the evidence should have been sustained and the peremptory instruction should have been given.

Owing to the fact that it is suggested in the brief that additional competent testimony can be produced at a retrial, we recommend that the judgment appealed from be reversed and the cause remanded for a new trial.

By the Court: It is so ordered.