## MIDLAND VALLEY R. CO. v. KERSEY.

No. 6393—Opinion Filed April 11, 1916.
Rehearing Denied May 2, 1916.
(157 Pac. 139.)

### Appeal and Error—Assignments of Error—Sufficiency.

In an action for personal injuries, where there is no assignment of error that the verdict was excessive, error in an instruction relating to the measure of damages is harmless, following Planters' Cotton & Ginning Co. v. Penny, 53 Okla. 136, 155 Pac. 516.

(Syllabus by Galbraith, C.)

Error from Superior Court, Tulsa County; M. A. Breckenridge, Judge.

Action by J. L. Kersey against the Midland Valley Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Farrar L. McCain and O. E. Swan, for plaintiff in error.

Luther James and P. L. Thurman, for defendant in error.

Opinion by GALBRAITH, C. The defendant in error, as plaintiff in the court below, commenced this action against the Midland Valley Railroad Company to recover damages for personal injuries alleged to have been received on January 27, 1913, by stepping into a hole in its station platform at Skiatook, Okla., and that his injuries were due to the negligence of the railroad company. The part of his petition describing his injuries reads as follows:

"Plaintiff states that injuries received and resulting to him by his stepping into said hole consists of a tear of the ligaments from the bones of his right foot and lower right leg; that the same was severely sprained, and the ligaments, bones, and muscles of the same were so torn, injured, and strained that it will result and has resulted in a partial and almost complete loss of the function of the right foot; that said injuries are permanent and incurable, and have caused the plaintiff great and excruciating pain and mental suffering, and have laid him up, and have destroyed his powers of locomotion except by the aid of crutches."

The answer was a general denial and the plea of contributory negligence. There was a trial to the court and a jury, and a verdict returned for plaintiff in the sum of $1,250. Upon the denial of the motion for new trial an appeal was duly prosecuted to this court.

The one error complained of is instruction No. 13 given by the court to the jury prescribing the measure of damages. This instruction reads as follows:

"You are instructed that, in the event you should find for the plaintiff in this case, you may assess his damages as will reasonably and fairly compensate him for the damages sustained, not exceeding $3,000, and in arriving at the amount you can take into consideration the extent of the plaintiff's injuries, if any, and his mental and physical suffering by reason thereof, if any, and the loss of his power to earn money, if you find from the evidence there was such loss."

It is urged that this instruction is erroneous, in that it submits an element of damage, that is, "the loss of his power to earn money," when there was no evidence at the trial that the injury received by the plaintiff resulted in the loss of his power to earn money, and, inasmuch as the verdict was general, and this element was not supported by any evidence, the giving of this instruction was erroneous and prejudicial, all of which may be conceded.

The evidence showed that Kersey was engaged in driving a bus carrying passengers from the town to the railway station, and the mail from the post office to and from the train, and that while at the station, going there for the purpose of delivering the United States mail to the train, and receiving the mail from the train, without fault on his part, he stepped into a hole in the station platform, near the depot, and received the injuries complained of, that he was working for his son-in-law, Mr. Dudley, who had a contract with the government to carry the mail from the post office to the train and from the train to the post office, and that Mr. Dudley owned the livery stable and bus line, and Kersey lived with him. It does not appear what wages, if any, he was receiving at the time of his injury, or what wages, if any, he received afterwards. He was a man 58 years of age. There is some evidence from which it might be inferred that the injuries received were permanent. Dr. O'Brien, called on behalf of the railroad company, testified in regard to the injuries, as follows:

"Q. Did you see Mr. Kersey's foot at the time of the injury here? A. I saw it about three hours afterwards; I saw it about 5 o'clock that evening. Q. What was the extent of the injury? A. I think a slight dislocation; it was contused and swollen pretty bad. I was out in the country; he left a call, and I went out there just as soon as I came back. Q. Did you examine his foot today? A. Yes, sir. Q. While he was on the stand? A. Yes, sir. Q. From the examination can you say that there was any permanent injury to the foot A. Well, the facts are that he can't use it as well as he should. After

a dislocation that way, why, the ligaments usually heal up with not as much freedom as they should have."

The evidence showed that he was injured on January 27, 1913. and was confined to his home until April 13, 1913, and for some weeks thereafter was compelled to walk with a crutch. The trial was in October, 1913. There was no evidence of what, if any, loss had been sustained on account of the impairment of his earning capacity, or that there had been any impairment of his power to earn money other than the nature and extent of his injury, and for that reason the instruction complained of did submit an element of damage to the jury that was unsupported by evidence, and was on that account erroneous. However, there is no complaint that the judgment is excessive, and we are not able to say from an examination of the record that it is, so we therefore, under the rule announced by this court in Planters' Cotton & Ginning Co. v. Penny, 53 Okla. 136, 155 Pac. 516, are constrained to hold that this error was not prejudicial. In that case it is said:

"There is no error in the remaining instructions, for the reason that, taking them as a whole, they fairly state the law. As to instruction No. 14, we might say in passing that, although it permits defendant in error to recover 'his loss of wages up to this time, if any,' which means up to the time of trial, we will not hold the same to be reversible error, although to support the charge there is no evidence of loss of wages other than for nine months after the injury; this for the reason that in Great Western Coal & Coke Company v. Coffman, 43 Okla. 404, 143 Pac. 30, we held that where, as here, the judgment was not excessive, an instruction which failed to limit the jury to assessment of pecuniary damages is harmless."

The other instructions given by the court to the jury seem to be a full and fair statement of the issues arising upon the pleadings and the evidence and the law applicable thereto.

There being no prejudicial error apparent in the record, the judgment of the trial court should be affirmed.

By the Court: It is ordered.