## ST. LOUIS & S. F. R. CO. v. WALKER.

No. 5657—Opinion Filed Sept. 26, 1916.

(160 Pac. 79.)

**1. Evidence—Testimony in Former Trial—Authentication.**

Before the longhand transcript of the testimony of a witness, given at a former trial, can be admitted in evidence at a subsequent trial of the same case, it must be duly certified by the reporter of the court who took the evidence as correct, or agreed to by the parties as being the evidence of such witness and as being correct, and, then, it can only be used under such conditions as would warrant the use of the deposition of such witness.

**2. Appeal and Error — Review — Harmless Error—Instruction.**

In an action for personal injuries, where there is no assignment of error that the verdict is excessive, an erroneous instruction in relation to the measure of damage is harmless.

(Syllabus by Campbell, C.)

Error from District Court, Pontotoc County; Robert Wimbish, Special Judge.

Action by W. U. Walker against the St. Louis & San Francisco Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

W. F. Evans, R. A. Kleinschmidt, and Fred E. Suits, for plaintiff in error.

B. C. King, for defendant in error.

Opinion by CAMPBELL, C. This action was commenced in the county court of Pontotoc county by W. U. Walker to recover damages from the St. Louis & San Francisco Railroad Company for injuries sustained by him on account of the negligence of said company. The cause was tried to a jury and a verdict returned for the plaintiff, which verdict received the approval of the trial court, and judgment for the plaintiff was entered on the verdict for the plaintiff in the sum of $500. The defendant appealed from such judgment, and brings the record here by case-made, and predicates its right to a reversal of the judgment upon two alleged errors: (1) That the trial court improperly excluded the transcript of the evidence of a witness for defendant who had testified at a former trial of this case; and

(2) that the trial court erroneously gave to the jury instruction No. 2. No other assignments of error have been discussed in the brief filed herein on behalf of defendant, and no other errors were presented to the court at the oral argument had herein, and, for that reason, this court is not called upon to search the record for any other errors than those urged by counsel.

The defendant company produced at the trial of this cause what was stated by its counsel to be the testimony of its conductor, given at a former trial of this case, and offered the same in evidence. The offer by counsel was as follows:

By Mr. Suits:"The defendant now offers in evidence the testimony of R. E. Davis, its conductor, given at the former trial of this case, shown between pages 64 and 73, inclusive, of the original case-made filed in the Supreme Court, containing the transcript of all proceedings of the former trial, and the stipulations executed by the attorney of record for plaintiff and the attorney of record for defendant. * * *"

By Mr. Suits: "I would like to take the stand and show where Mr. Davis is, and let it precede my offer."

Thereupon, counsel was sworn as a witness, and testified that he lived at Oklahoma City and was one of the attorneys for the defendant company in the state of Oklahoma; that it is their custom, in requesting witnesses to make the request by letter or wire, which was done in this case, and the attendance of the conductor, R. E. Davis, was requested, which request was made to W. F. Evans, general counsel for defendant, at St. Louis, and in answer to such request, for the attendance of Conductor Davis, witness was advised by the general counsel that Mr. Davis, the witness requested, was residing in California.

After the above testimony was given, on motion of plaintiff, it was stricken, and the objections made to the introduction of the offered testimony was sustained, and the defendant excepted to the ruling of the court in refusing the defendant the right to read such testimony to the jury. The objection made to the introduction of this testimony was upon the grounds—

"* * * that the proper predicate has not been laid for introducing the said testimony, and for the further reason that the said testimony has not been properly identified as that given by the witness at the former trial of this case."

The testimony offered was not identified in any way except by the statements of counsel in his offer. No clerk was called to identify the transcript or case-made in which the testimony appeared, and no testimony offered as to the correctness of the same. No stipulation of counsel as to its being the testimony of the witness Davis was called to the attention of the trial court, neither was there any certificate of the reporter of the court who took the testimony as to its correctness. In fact, so far as the trial court was concerned, as disclosed by the record, it was not even made to appear that the witness Davis ever did testify at any former trial, or, if he did testify, that his testimony was taken by a reporter and transcribed in longhand. It does not appear from the record that the case-made referred to by counsel as containing the former testimony of the witness was within the control of the counsel. It fact, it was referred to as the original case-made filed in the Supreme Court, but no witness who is charged with the custody of such records was before the court to identify and authenticate it. In the face of an objection, the trial court was called upon to assume that the writing which, perhaps, on its face purported to be a transcript of the testimony of the witness Davis was in fact his testimony, and that it was correct just because it purported to be the testimony of such witness at a former trial. The whole contention of defendant is based upon the decision of this court in Atchison, T. & S. F. Ry. Co. v. Baker, 37 Okla. 48, 130 Pac. 577, in which case this question is discussed, but the discussion is based upon the assumption that the testimony offered was in fact the testimony of the witness at the former trial. The matter of the identity of the testimony and its correctness was not involved. This will be seen from the language of the opinion in that case at page 53 of 37 Okla., page 579 of 130 Pac., which is as follows:

"The objection urged seems to go to the point that there was not shown sufficient diligence in procuring the attendance of the witness to justify the use of his former testimony."

In this case, the first thing the trial court had to determine was the identity of the transcript which was offered, and, having determined the fact that the transcript offered was a transcript of the evidence of the witness Davis, then the rule laid down in the above case becomes important. The brief of defendant in this case discusses this question from the assumed position that there is no question as to the identity of the testimony offered. The serious thing in the instant case is the defendant did not show by any evidence that the transcript offered was in fact a transcript of the testimony of the witness Davis, given at a former trial. This fact is essential in order to make it admissible, and when such fact is proven, the transcript becomes admissible to show what his testimony was at the former trial, if condi-

tions are such as would warrant the use of the deposition of such witness. The use of the testimony of a witness given at a former trial, is authorized by section 1942, Compiled Laws 1909, which provides:

"The shorthand reporter shall file his notes taken in any case with the clerk of the court in which the cause was tried, and the same shall be a part of the record in the cause. Any longhand transcript of notes so filed, duly certified by the reporter of the court who took the evidence as correct, shall be admissible as evidence in all cases of like force and effect, as testimony taken in the cause by deposition, and subject to the same objections. * * *"

In the case of Atchison, T. & S. F. R. Co. v. Baker, supra, it was held:

"The testimony of a witness given in a former trial between the same parties involving the same subject-matter with the opportunity for cross-examination and taken down by the official stenographer and preserved by bill of exception on appeal, is admissble, if otherwise unobjectionable, in a second trial of the same cause, where the witness resides in another state and is not present at the second trial."

It was held, in Atchison, T. & S. F. R. Co. v. Osborn, 64 Kan. 187, 67 Pac. 547, 91 Am. St. Rep. 189, as follows:

"The testimony of a witness given at a former trial, which was taken and preserved by an official stenographer of the court, as the law directs, is admissible in evidence, where it appears that the witness is out of the jurisdiction of the court and beyond the reach of its process."

It would therefore seem to be the rule that before the former evidence could be admitted, it must be shown that such witness is beyond the jurisdiction of the court and is not present at the trial. The defendant undertook to move that the witness Davis was beyond the jurisdiction of the court, and for that purpose produced a witness who testified that he was advised by the general attorney for the defendant that such witness resided in California. This testimony was incompetent, and was stricken upon motion. No dilgence was shown, and it did not appear from any competent evidence that the witness Davis was beyond the jurisdiction of the court. It does not even appear that Davis was not present at the trial. For these reasons the court properly excluded the offered testimony.

It is contended that the court erred in giving instruction No. 2, and that the judgment should be reversed for that reason. The instruction complained of is as follows:

"You are instructed that if you find for the plaintiff, you will, in assessing his damages, take into consideration his age and condition in life, the injury sustained by him, if any, and physical pain suffered and endured by him on account of said injuries, if any, his loss of time, if any, such damages, if any, as you believe from the evidence he will sustain in the future as the direct effect of such injury, such sums as he has paid out for medical attention on account of said injury, if any, together with all facts and circumstances in evidence in this case, and assess the damages at such sum as from the evidence you deem proper, not exceeding the sum of $1,000."

It is only that portion of such instruction which permits the jury to award recovery for damages which plaintiff will sustain in the future as the direct effect of such injury which is claimed to be erroneous. It is claimed that this element of recovery was not in the case, for the reason that it was not clearly shown by the evidence that any future damages would be suffered on account of such injury. In fact, counsel for defendant seems to have an erroneous conception of the instruction complained of. They say in their brief:

"The injuries sustained by plaintiff are purely subjective, and of such a nature that laymen cannot, with reasonable certainty, know whether or not there will be future pain and suffering. No expert testimony was offered upon the question of future pain and suffering, and the only evidence introduced upon this point was given by plaintiff himself."

They cite the case of Shawnee & Tecumseh Traction Co. v. Griggs, 50 Okla. 566, 151 Pac. 230, as authority for their contention, which fully supports the rule that no recovery for future pain and suffering can be had unless there is some expert testimony that future pain and suffering will be endured, where the injury is subjective as in this case. But it will be noted that the instruction in the instant case does not deal with future pain and suffering, and a recovery on that account is not specifically authorized by the instruction as counsel seems to construe it. All the cases cited by defendant's counsel deal purely with the recovery for future pain and suffering and they correctly state the rule that no such recovery can be had unless there is expert testimony, reasonably tending to show that future pain and suffering will be endured where the injury is subjective. The instruction given in the instant case authorizes a recovery for "such damages, if any, as you believe from the evidence he will sustain in the future as the direct effect of such injury," and it can be readily seen that a recovery for future pain and suffering is not directly contem-

plated by this instruction if the evidence does not show with reasonable certainty that such pain and suffering will be endured. It is not specifically mentioned, but it might be inferentially contemplated, provided the evidence showed that pain and suffering will be endured in the future. So might any legitimate element of recovery for future detriment be inferentially contemplated by the instruction, if the evidence reasonably tended to prove such detriment, but, to argue that the instruction authorized a recovery for future pain and suffering when the evidence did not reasonably tend to prove any is to argue that the trial court, by inference, submitted to the jury an improper element of damage. In all the cases cited by counsel, the instruction positively submitted this element of damage, and in the instant case it was not done. But, if this instruction was too general in its terms and too sweeping in its scope, it would only constitute technical error, and the record does not disclose that the substantial rights of the defendant have been prejudically affected. The defendant does not contend that the amount of recovery was excessive. No such complaint was made against the recovery in the motion for a new trial, and it is not even argued that the damages awarded were excessive. We have examined the evidence in the case, and are of the opinion that the amount of damages awarded by the verdict of the jury were not excessive. In the case of Planters' Cotton & Ginning Co. v. Penny, 53 Okla. 136, 155 Pac. 516, this court held:

"In a suit for damages for personal injuries, where the amount recovered was not excessive, error in instructions on the measure of damages is harmless."

Again in the case of Midland Valley R. Co. v. Kersey, 59 Okla. 9, 157 Pac. 139, this court held:

"In an action for personal injuries, where there is no assignment of error that the verdict was excessive, error in an instruction relating to the measure of damages is harmless, following Planters' Cotton & Ginning Co. v. Penny, 53 Okla. 136, 155 Pac. 516."

Under these authorities, if there was any error in the instruction complained of, it was harmless error within the purview of section 6005, Revised Laws 1910, and the judgment of the trial court should not be reversed for such error.

The judgment of the trial court is affirmed.

By the Court: It is so ordered.