## KUYKENDALL v. CALDWELL.

No. 8985—Opinion Filed July 23, 1918.

Second Petition for Rehearing Denied Dec. 24, 1918.

(179 Pac. 463.)

**Evidence — Transcript — Former Trial—Authentication.**

It was error to admit in evidence, over objection, a document purporting to be a typewritten transcript of the testimony of a witness given at a former trial of said cause without the same being properly authenticated.

(Syllabus by Pope, C.)

Error from District Court, Grant County; W. M. Bowles, Judge.

Action by S. J. Caldwell against O. L. Kuykendall and others. Judgment for plaintiff, and defendant Kuykendall alone brings error. Reversed and remanded.

See, also, 54 Okla. 331, 153 Pac. 874.

Sam P. Ridings, for plaintiff in error.

W. H. C. Taylor, for defendant in error.

Opinion by POPE, C. This action was commenced in the district court of Grant county on the 22d day of October, 1912, by S. J. Caldwell, the defendant in error, against the plaintiff in error O. L. Kuykendall, W. H. Bougher, and F. D. Vennum. Service of summons was had on Kuykendall only, and he alone appeared in the action. It was alleged in the petition: That the plaintiff was an old man, infirm, and unfamiliar with the technicalities of commercial law, and that the three defendants, knowing his infirmity and intending to take advantage thereof, entered into a conspiracy to cheat and defraud him, in that they conspired together and induced him to enter into a contract in writing to sell two young horses prized very highly as promising racing stock, and valued at $2,000. They agreed to give him for the horses a promissory note in the sum of $2,000, which note was to be executed by the defendant Vennum and indorsed by the defendant Kuykendall. That a note so executed and indorsed was of the value of $2,000. That they obtained the horses, delivered a note executed by Vennum for $2,000 and indorsed by Kuykendall "without recourse." That the note delivered was worthless, but the plaintiff, relying on the agreement of the parties, believed that the note had been indorsed by Kuykendall so as to make him liable thereon, he being financially responsible, and that therefore the plaintiff was damaged in the sum of $2,000, the amount of the note. There was a denial of the conspiracy by Kuykendall, and he alleged further that he had no interest in the transaction, and was simply an accommodation indorser of the note, and that if there was any fraud in the transaction he was not a party to it and had no knowledge of it. He also admitted signing the contract, agreeing to deliver to the plaintiff in error the promissory note in question indorsed by him but alleges that he only agreed to indorse said note "without recourse" and that the contract signed by him so stated. The plaintiff alleged that, if the words "without recourse" were written in the contract, the same was done after it had been signed by Vennum, Bougher, and Kuykendall and without the knowledge or consent of the defendant in error. Upon the issues raised by the pleadings and evidence, cause was submitted to a jury, and a verdict was for the plaintiff for $2,912.65, face of the note with interest. Upon said verdict judgment was entered, from which the plaintiff in error prosecutes this appeal.

Plaintiff in error contends that the trial court erred in admitting certain incompetent testimony to be read to the jury over his objection. It appears from the record that this cause was tried at a previous term of the court of Grant county, and appealed to this court and remanded for a new trial.

The attorney for defendant in error offered in evidence what he said was the typewritten transcript of the testimony of an absent witness who testified at a former trial of said cause, which was admitted in evidence over the objection of the plaintiff in error. The stenographer who took the testimony at the former trial did not testify, and the longhand transcript of the testimony which was offered in evidence was not identified in any way, and the document from which counsel read the purported testimony was not marked for identification and introduced in evidence as a deposition, but counsel simply read what purported to be the testimony of a witness given at a former trial from a paper or document which was wholly unidentified. The principal point in controversy at the trial of the cause was whether the contract between the plaintiff and defendant provided for the plaintiff in error's indorsement of the note to be delivered, or whether the contract provided for plaintiff in error's indorsement "without recourse" on the note. The testimony of the absent witness as offered was very material to the issue for the reason that he was a witness to the contract between the parties and testified that the words "without recourse" were not in the contract at the time the same was signed by plaintiff in error, and witnessed by himself, but was later written on the margin of the written contract. It was error for the trial court to admit such evidence unless the party seeking to introduce the same properly identified and authenticated the document offered and otherwise laid the foundation for the introduction of the testimony of a witness taken at a former trial as required be section 1792, R. L. 1910, which is as follows:

"Notes to be Filed—Admissible as Evidence.—The shorthand reporter in any court of record shall file his notes taken in any case with the clerk of the court in which the cause was tried. Any transcript of notes so filed, duly certified by the reporter of the court who took the evidence as correct, shall be admissible as evidence in all cases, of like force and effect as testimony taken in the cause by deposition, and subject to the same objection; a transcript of said notes may be incorporated into any bill of

exceptions or case-made. On appeal it shall be the duty of the reporter to furnish such transcript when demanded, as required by law. If any reporter ceases to be the official reporter of the court, and thereafter makes a transcript of the notes taken by him while acting as official reporter, he shall swear to the transcript as true and correct. and when so verified the transcript shall have the same force and effect as if certified while he was official reporter."

This court has also established the rule with reference to the introduction of this particular kind of evidence in the case of St. Louis & S. F. Ry. Co. v. Walker, 61 Okla. 37, 160 Pac. 79. In that case the court said:

"Before the longhand transcript of the testimony of a witness, given at a former trial, can be admitted in evidence at a subsequent trial of the same case, it must be duly certified by the reporter of the court who took the evidence, as correct, or agreed to by the parties as being the evidence of such witness and as being correct, and then it can only be used under such conditions as warrant the use of the deposition of such witness."

We are of the opinion that the trial court erred in admitting the evidence of the witness Monroe over the objection of plaintiff in error.

Cause is reversed and remanded for a new trial.

By the Court: It is so ordered.