## BRIDE v. BRIDE et al.

No. 18069.    Opinion Filed June 5, 1928.

(Syllabus.)

1. **New Trial—No Abuse of Discretion Shown in Denial of Continuance of Hearing on Petition for New Trial and in Exclusion of Affidavit of Absent Witness Where no Subpoena Issued.**

No abuse of discretion or error is shown in the ruling and action of trial court in denying a continuance of a hearing upon petition for new trial, under section 576, C. O. S. 1921, on account of an absent witness nor in refusing to admit in evidence the affidavit of such witness where no subpoena has been issued in the cause for such witness.

2. **Appeal and Error—New Trial—Discretion of Court in Denying New Trial on Ground of Newly Discovered Evidence and Misconduct of Prevailing Party.**

A petition for a new trial predicated upon newly discovered evidence and upon misconduct of the prevailing party is addressed to the sound judicial discretion of the trial court, and in the absence of a showing of an abuse of such discretion, its ruling and action thereon, denying a new trial, will not be disturbed on appeal. Record examined; held sufficient to sustain the ruling and judgment of trial court.

Commissioners' Opinion, Division No. 2.

Error from District Court, Kay County; Claude Duval, Judge.

Action by Charles A. Bride against Isa-

dore Bride, executor and administrator of the will and estate of James A. Bride, deceased, and others, to declare a trust and an interest in certain land. Judgment for defendants, and motion for new trial denied. Later, plaintiff files petition for new trial, which is also denied, and plaintiff appeals. Affirmed.

G. A. Chappell, for plaintiff in error.

J. W. Murphy, Johnston & Paddock, Fiedler, Fiedler & Jackson, and W. M. Bowles, for defendants in error.

LEACH, C. In January, 1921, Charles A. Bride, plaintiff in error here, plaintiff below, filed his petition in the district court of Noble county against Edward Isadore Bride, executor and administrator of the will and estate of James Bride, deceased, et al., wherein he alleged that in December, 1905, he entered into a parol agreement with his uncle, James Bride, a resident of Wisconsin, who was visiting him in Kay county, wherein it was agreed that his uncle would furnish funds to purchase certain Indian lands. He, the plaintiff, was to locate, rent, and manage such lands, and was to receive one-half of the profits or increase in value of such lands, when the same were sold; that pursuant to such oral agreement, 160 acres of land located in Noble county were purchased in the year 1905, the purchase money being furnished by the uncle, James Bride, and deed to the land was taken in his name; that the said James Bride died in the year 1920; further alleged that he, plaintiff, had expended certain sums in the improvement of the land, and prayed that a resulting trust in said land be decreed in his favor to the sum and amount of one-half the alleged increase in value of such land, and for the amount of certain labor and moneys expended in the preservation and improvement of the land in the total aggregate sum of $4,340. Thereafter, in November, 1921, plaintiff filed an amended petition in the cause, which was similar to the original except it alleged that the agreement respecting the purchase of the lands was a written agreement, a copy of which was attached to the amended petition.

In 1921, the defendants answered by general denial, and specifically denied the execution of the contract sued upon, and alleged if plaintiff had performed any service for James Bride that he had been duly compensated therefor. Thereafter, on June 15, 1925, the cause was tried to the court, and judgment was entered in favor of defendants, denying the claim of plaintiff; thereafter, on August 3, 1925, plaintiff's motion for a new trial was overruled, from which

ruling no appeal was taken. In April and May, 1926, plaintiff filed his petition and amended petition for a new trial in the cause, and as grounds therefor alleged there was fraud practiced upon plaintiff and the court, in that in the trial of the cause and at the time of the introduction and reading of the depositions of one Frank J. Bride, he, Frank J. Bride, was within the county of Noble; that such fact was known to the defendants and their attorneys, but unknown to plaintiff; that defendants attempted to remove the said witness out of the said county and state; that the second deposition of the witness, Frank J. Bride, and the statements therein were false and obtained by threats, coercion and violence. Plaintiff also alleged the discovery of new evidence in the testimony of certain witnesses. When the matter came on for hearing before the court on the petition for a new trial, the plaintiff moved for a continuance on the ground of the absence of the witness, Frank J. Bride, which motion was overruled, and upon a hearing before the court upon the petition, witnesses on behalf of plaintiff and defendants were sworn and examined, whereupon the court denied the petition of plaintiff for a new trial, from which action and ruling of the trial court the plaintiff brings this appeal, and sets up as ground for reversal the following alleged errors:

"(1) The court erred in refusing to grant a continuance on account of the absence of witnesses, Frank Bride.

"(2) The court erred in refusing to admit as evidence the alleged affidavit of the witness, Frank Bride.

"(3) The court erred in denying the plaintiff in error's petition for a new trial.

"(4) The court erred in rendered judgment in favor of defendants against the plaintiff upon the petition for a new trial."

The principal complaint and argument presented by plaintiff in error as grounds for reversal of the cause and a new trial is the introduction of the depositions of the witness, Frank J. Bride, and the want of the presence of such witness before the court, both in the trial of the main cause and upon the petition for new trial. It being argued and contended by plaintiff in error that if the defendants were unable to use the second deposition and the witness, Frank J. Bride, were present in open court, he would apprise the court of the true facts which would change the result of the case. The record discloses that the said Frank J. Bride was a brother of the plaintiff, Charles J. Bride, and of the defendant Isadore Bride,

and a nephew of James Bride, deceased. On the 18th day of March, 1922, the witness gave his deposition in the cause at the office of the attorney for plaintiff in Newkirk, Okla., in which deposition he stated that he was present at the time and date of the signing and execution of the written agreement relied upon by plaintiff, and recited certain details relating to the time, place, and manner of executing the agreement, and stated that he later worked for the uncle who executed the agreement, during which time his uncle frequently referred to and talked to him about the agreement. Thereafter, beginning about September, 1922, such witness wrote various letters from Missouri and Illinois to the defendants and their attorneys, advising and stating therein that the deposition given by him on behalf of plaintiff, Charles Bride, was untrue, false, and given at the request of the plaintiff who had coached him on what to say, and that he gave such statement with a view and for the purpose of getting the plaintiff in a trap. Thereafter, on May 12, 1925, he gave a second deposition in the cause at Mineral Point, Wis., in which second deposition he repudiated his former deposition, and the truth thereof, and generally gave testimony damaging to plaintiff's cause. Upon the trial of the main cause in June, 1925, both of the depositions of the witness were introduced. In October following the trial, the witness wrote plaintiff and his attorney, stating that the second deposition which he gave in the cause was given under protest and under a threat of a jail sentence for wife desertion, and generally intimating that he did not voluntarily give the second deposition; further stated that he was in Perry, Okla., at 9:00 a. m., the date of the trial, and within the state on the day that his depositions were introduced, and offered to return to Oklahoma, provided expense and transportation funds were furnished him, and testify on behalf of the plaintiff, and in substantiation of what he had written, thereafter, on April 16, 1926, the witness executed a lengthy affidavit in Noble county, Okla., stating that the first deposition which he gave in the cause was correct, and that the second one was false and given under threats of prosecution for wife desertion, and the same was not his true deposition; further stated that when it appeared that the second deposition he had given had been lost and could not be used in the trial of the cause, an attorney for the defendants forced him to come with him and his brother, Isadore Bride, from Chicago to Perry to testify in the case; that he was secreted

in Perry on the night preceding the day of trial, and next morning when it was learned his deposition had arrived he was told that he would be put in jail if he did not get away at once; that he was hastily driven by taxi out of town, went to Ponca City, where he later in the day took a bus to Arkansas City; that he was in Noble county until about 3:00 p. m. of that particular day, which affidavit was attached to plaintiff's petition for a new trial; thereafter, on the date of hearing upon plaintiff's petition for a new trial, which was on July 21, 1926, the said witness failed to show up at that hearing, and the plaintiff asked for a continuance of the hearing on account of the absence of such witness, which continuance was denied, the witness not having been served with a subpoena in the cause; thereafter, in February, 1927, the witness executed an affidavit giving as an excuse for his absence on the date of hearing on petition for new trial that one Morris and others had given him poisoned whisky or dope, and he did not remember very much what occurred, but when he realized his condition he was in jail at Enid, Okla., and was unable to attend the trial, which last affidavit is filed in this court, is not included in the case-made, and is therefore not properly before this court.

Considering the numerous and contradictory statements, letters, depositions, and affidavits made by the witness, Frank J. Bride, it would reasonably appear that his testimony could not be relied upon, and that had he been present in court at any time after the giving of the conflicting depositions and writing the various letters, his testimony would not likely change the result of the trial in any way, and that his evidence would not be given any great weight or credence.

The trial court in his remarks following the introduction of the evidence, and at the close of the main trial, said in part as follows:

"It is true that this plaintiff had some transactions with his uncle, and there was need for an accounting between them. They did have an accounting through Father Sevens, and they settled all of their differences at that time as shown by the receipt and the check and the testimony of Father Sevens. * * * Now, it seems to me if this plaintiff had any further interests there, he would have taken some steps long prior to this time to have established his rights and not wait from November, 1909, until 1921 after the death of his uncle. I am convinced that on this sheet of paper marked as 'Exhibit A' bears the true signature of James A. Bride,

but whatever James A. Bride had written over that signature was erased, and this contract written on it by someone, well, by this plaintiff; he admits he wrote it. * * * Another thing, he starts out by relying on an oral contract; it is true that counsel for plaintiff attributes that to himself to some extent, but he, having as important a contract as this, he evidently would have told Chappell about it in the first instance and made further search for it before declaring upon an oral contract."

Further on in the statement the court, in referring to the deposition of the witness Frank Bride, said:

"I do not know which of his depositions, if it stood alone, of course, I would know which one to believe, I would not want to believe either one of them."

Defendants upon the hearing on the petition for a new trial specifically denied that any threats, unfair means, or coercion was used to cause the witness, Frank J. Bride, to give his second deposition, but did admit that the witness was furnished transportation from Chicago to Perry, and did come with his brother, Isadore Bride, for the purpose of testifying in the case provided the deposition was not returned in time to be used, such deposition having been previously withdrawn from the files under permission of the court and returned to have the notary put his seal on the same; that when they reached Perry, they ascertained that the deposition had arrived, and thereupon the said Frank Bride was informed that he would not be needed, and was furnished transportation; that he did on his own account leave the county and state. and was desirous of doing so in order to avoid possible complications over having given conflicting testimony.

Plaintiff in error relies upon the provisions of section 576, C. O. S. 1921, and cites Wade v. Hoke, 73 Okla. 289, 176 Pac. 402, as authority for the filing of his petition for new trial, and relies upon the case of Fullenwider v. Ewing, 30 Kan. 15, 1 Pac. 300, as authority to sustain his contention as to error of the court in admitting the deposition of the witness Bride. The provision of section 576, C. O. S. 1921, is in part as follows:

"The case shall be placed on the trial docket, and the witnesses shall be examined in open court, or their depositions taken as in other cases."

In the body of the opinion in the case of Fullenwider v. Ewing, supra, which was a hearing upon a petition to vacate a judgment and the granting of a new trial, the court there, in referring to evidence offered in the nature of an affidavit, said:

"But, whether this proceeding is an action or a mere special proceeding in another action, we think it partakes of the nature of an action and should be tried by legal evidence, just as real actions are tried, and not upon affidavits as is usually the case with respect to mere motions. Affidavits are the poorest kind of evidence, and should probably never be used except upon the hearing of motions, or for the verification of pleadings or other papers."

Assuming, without deciding, that the provisions of section 576, supra, authorized the proceeding and relief sought, under such statute and the reasoning in the case of Fullenwider v. Ewing, supra, as applied to the facts shown in the instant case, the trial court did not commit error in refusing to admit the affidavit of the witness, Bride, nor in refusing to continue the cause, no subpoena having been served upon the witness, and no effort apparently made to take his deposition.

The authorities in the Fullenwider v. Ewing Case, supra, do not otherwise apply to the facts in the instant case, because there, in that cause, it appears the witness was present in the court room under subpoena at the time her affidavit or deposition was read, and such fact was called to the attention of the court. Section 612, C. O. S. 1921, provides when the deposition of a witness may be used. The first ground thereof being:

"When the witness does not reside in the county where the action or proceeding is pending, or is sent for trial by change of venue or is absent therefrom."

"Where a witness does not reside in the county where the trial of a civil action is to be had, and his deposition is regularly taken in the county of his residence, and filed in the district court of the proper county, it is not a good objection, when the deposition is offered to be read, for the opposing party to merely state 'that the witness has been in attendance upon the court, and is at present, it is believed, on his way to the place of trial.'" Eby v. Winters (Kan.) 33 Pac. 471.

This court, in the case of Cooke v. Coronado Oil Co., 112 Okla. 240, 240 Pac. 739, in the body of the opinion, after referring to the provision of section 612, supra, said:

"We think, under these sections of the statute, that when it is made to appear to the satisfaction of the court that the witness does not reside in the county where the action or proceeding is pending, a legal cause has then been established for not procuring the attendance of the witness, and renders the deposition admissible in evidence in the absence of some showing that the witness is at the time within the jurisdiction of the court."

There is evidence in the record in this cause to the effect that the deposition of the witness, Frank Bride, was not introduced until the second day of the trial of the cause, at which time it appears he was not within the state of Oklahoma. The record does not affirmatively show the witness was within Noble county at the time his deposition was used. He was not a resident of the state, and, under the statute and ruling, his depositions were apparently admissible.

"A motion for a new trial, predicated upon misconduct of the prevailing party, where such motion is supported by the affidavit of a third party, but is controverted by the affidavit of the opposing litigant, is addressed to the sound discretion of the trial court, whose action in denying and overruling the motion can only be reviewed where it is made to appear that the court abused its discretion." Ratcliff v. Sharrock, 44 Okla. 592, 145 Pac. 802; Stekoll v. Lebrow, 96 Okla. 76, 219 Pac. 899.

From an examination of the entire record and due consideration thereof, we are unable to conclude or say that the conduct of the prevailing parties in this action was a fraud upon the court, or plaintiff, or that the court abused its discretion in denying a new trial by reason of the acts of defendants. It appears from the record that, with due diligence and reasonable effort, the testimony of the other witnesses introduced in support of plaintiff's petition for a new trial might have been obtained in the trial of the original cause. Their testimony, while competent and supporting plaintiff's contentions, is not conclusive, and we are not able to say that even had their testimony been given in the trial of the main cause, the same would have probably produced a different result, or that the judgment there rendered would have been against the clear weight of the evidence had such additional testimony been produced at the trial of the main cause.

"A motion for a new trial on the ground of newly discovered evidence is properly overruled where no facts constituting diligence to have discovered such evidence in time for the trial are shown. * * *

"Before a new trial will be granted on the ground of newly discovered evidence, it must be made to affirmatively appear that the new evidence would be sufficient to probably produce a different result; and in such case a certain degree of discretion is necessarily vested in the trial court, and its ruling thereon will not be interfered with on appeal,

unless this court is able to see that such newly discovered evidence would probably produce a different result from that registered by the verdict of the jury." Manufacturers Finance Co. v. Sherman, 99 Okla. 295, 227 Pac. 451.

"As a general rule, a motion to vacate a judgment is addressed to the sound legal discretion of the trial court, on the particular facts in the case, and its judgment will not be reversed except where a clear abuse of discretion is presented." Tidal Oil Co. v. Hudson, 95 Okla. 209, 219 Pac. 95.

"A motion for a new trial, on account of newly discovered evidence, is addressed to the sound discretion of the trial court, and in the absence of an abuse of such discretion its action thereon will not be disturbed on appeal." Cook v. Harjo, 118 Okla. 291, 248 Pac. 651.

See, also, Lookabaugh v. Bowmaker, 30 Okla. 242, 122 Pac. 200; Chortney v. Curry, 78 Okla. 206, 190 Pac. 387; M., K. & T. Ry. Co v. Taylor, 69 Okla. 79, 170 Pac. 1148.

From an examination of the entire record in this cause, we do not find that the trial court abused its discretion or committed reversible error in refusing to grant plaintiff a new trial.

For the reasons stated, the judgment of the trial court is affirmed.

BENNETT, DIFFENDAFFER, JEFFREY, and HERR, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 29 Cyc. p. 1006; 20 R. C. L .p. 226; 3 R. C. L. Supp. p. 1046; 4 R. C. L. Supp. p. 1347; 5 R. C. L. Supp. p. 1091; 6 R. C. L. Supp. p. 1199. (2) 4 C. J. p. 835, §2817; p. 837, §2820; 29 Cyc. p. 1009; 20 R. C. L. p. 289 et seq.; 3 R. C. L. Supp. p. 1051; 4 R. C. L. Supp. p. 1351; 5 R. C. L. Supp. p. 1096; 6 R. C. L. Supp. p. 1202; 7 R. C. L. Supp. p. 673.