## KING AUTO SERVICE et al. v. HODGES.

No. 19485. Opinion Filed May 27, 1930.

L. L. Cowley, for plaintiffs in error.

H. S. Samples, for defendant in error.

EAGLETON, C. Alice Hodges brought suit against King Auto Service, a corporation, and R. Ward, for the conversion of an automobile, alleging that the corporation had a judgment against Dr. O. T. Bennett and Mrs. O. T. Bennett, his wife, doing business as Drs. Bennett & Bennett, on which it caused execution to issue and caused her automobile to be levied on and sold as the property of Dr. Bennett to R. Ward, and prayed for damages therefor. Plaintiff prevailed, and the defendants appeal. The parties will be referred to as they appeared in the lower court.

The defendants urge as cause for reversal that the trial court permitted the official court reporter, who took the evidence of the plaintiff in the first trial of the cause, to take the witness stand and read her stenographic notes covering the testimony given by Alice Hodges. They contend that no proper predicate was laid to make the former testimony of Alice Hodges competent in the second trial, and that the stenographic notes were not transcribed and certified in the cause so as to make this evidence competent to be used as a deposition under the provis-

ions of section 3071, C. O. S. 1921. Attorney for plaintiff, as a predicate for the introduction of this testimony, took the witness stand, and testified that Alice Hodges did not live in Okmulgee county, where this cause was pending and being tried, and that she was in California prior to the first trial, and returned to the state for the purpose of testifying on that occasion; that on returning from California, she stayed in Tulsa until called to Okmulgee by her attorney to testify; that after the trial she went to Tulsa and advised her attorney that she should be communicated with at Tulsa; that he should write her "General Delivery, Tulsa, Okla;" that he did write her at Tulsa on more than one occasion, and did hear from her from there; that he heard from her last about a year or year and a half before the second trial; that when the cause was set for trial a second time, he immediately wrote to her at Tulsa, and had not heard from her; that his letter was not returned. The court upon this showing allowed the court reporter to read from her stenographic notes the testimony given by the plaintiff in the former trial. We think this was not error.

Sections 612 and 626, C. O. S. 1921, provide that depositions may be used when the witness does not reside in the county where the action is tried, or is absent therefrom, but that same shall not be used until cause be shown why the attendance of the witness cannot be procured. This court has repeatedly said that the absence of the witness from the county, the nonresidence of the witness from the county, is sufficient predicate to allow the use of a deposition. Cooke v. Coronado Oil Co., 112 Okla. 240, 240 Pac. 739; Bride v. Bride, 131 Okla. 176, 268 Pac. 212.

A party to an action may testify, and his testimony may be taken in a like manner as any other witness. Cooke v. Coronado Oil Co., supra.

It was established to the satisfaction of the trial court that the plaintiff was a nonresident of Okmulgee county, and his determination will be final and binding on this court unless an abuse of discretion is shown, unless such a determination is not sustained by any evidence. A., T. & S. F. Railway Co. v. Baker, 37 Okla. 48, 130 Pac. 577, L. R. A. 1915A, 1186, Ann. Cas. 1915B, 714.

We are not unmindful that there is a wide diversity among the courts of the several jurisdictions in this country with reference to the admission of former testimony and the conditions prerequisite to its introduction. Many states have no statutory pro-

visions with reference to its admission. Others do have. Many states having provisions prescribing regulations for its admission require that a deposition be taken, if possible, in preference to the introduction of the former testimony. Others require that the witness be brought in, or a deposition be taken, if possible, in preference to the introduction of the former testimony. Others require that the witness be brought in or a deposition taken, if possible, and that the former testimony be not used unless the impossibility to present the witness or to take his deposition be shown. However, Oklahoma, by statute, has established a more liberal rule by providing that the official reporter may transcribe the testimony, certify to its completeness and accuracy as filed in the cause, and this transcript may then be used in like manner as a deposition. C. O. S. 1921, section 3071. This court, in interpreting that section in Oklahoma Railway Co. v. Boles, 30 Okla. 764, 120 Pac. 1104, stated that:

"It is not necessary to refile the transcript so made, where the original notes have been on file,"

—and again that it:

"was enacted as an extension to the use of stenographer's notes and not as a limitation upon such use, and that it was proper for the trial court to permit the stenographer to read his stenographic notes of the testimony of witnesses taken upon a former trial."

This court again, in A., T. & S. F. Railway Co. v. Baker, 37 Okla. 48, 130 Pac. 577, L. R. A. 1915A, 1186, Ann. Cas. 1915B, 714, in considering the complaint made to the admission in evidence of the testimony given at a former trial where the objection was urged, said:

"So far as the record shows, this witness is a nonresident of the state, and not subject to the court's process. He was produced by the defendant at the first trial, although he lived in another state at the time. He was not present at this trial. His deposition could have been taken perhaps, but he had been before the court once and had been fully examined by both sides"

—and approved the admission of the former testimony, stating:

"It has been held by the Supreme Court of the state of Arkansas that the question of whether a proper showing has been made, as to the absence of the witness, rests largely within the discretion of the trial court, and his action in the exercise of such discretion will not be reversed on appeal unless a gross abuse thereof is shown."

The testimony in that case was preserved and presented from the case-made used in the appeal from the former trial. The first paragraph of the syllabus of St. Louis & S. F. Ry. Co. v. Walker, 61 Okla. 37, 160 Pac. 79, said:

"Before the longhand transcript of the testimony of a witness, given at a former trial, can be admitted in evidence at a subsequent trial of the same case, it must be duly certified by the reporter of the court who took the evidence as correct, or agreed to by the parties as being the evidence of such witness and as being correct, and, then, it can only be used under such conditions as would warrant the use of the deposition of such witness."

The trial court in that case held that the testimony of the attorney for the railroad company had made insufficient showing and predicate for the introduction of a deposition by testifying that he had written to his chief counsel without the state of Oklahoma, who wrote him that the witness was in another state. On appeal, this court held that the trial court did not abuse his discretion in so holding. The court further found that the transcript of the testimony was in itself sufficient to be used as a deposition, under section 3071, C. O. S. 1921.

In K. C., M. & O. Ry. Co. v. Roe, 72 Okla. 238, 180 Pac. 371, it was held that evidence appearing in a case-made was properly admissible where the proper predicate for the admission of the former testimony had been laid.

Not only has this court approved permitting a reporter to read from his stenographic notes the testimony of a witness given at a former trial, then without the reach of the process of the court, or where a deposition of the witness could properly be introduced, but this is well sustained by reason and other authority. Wigmore, in his monumental work on Evidence, says:

"1396. Witness' presence before tribunal may be dispensed with, if not obtainable. The question, then, whether there is a right to be confronted with opposing witnesses is essentially a question whether there is a right of cross-examination. If there has been a cross-examination, there has been a confrontation. The satisfaction of the right of cross-examination (under the rules examined ante, Nos. 1371-1393) disposed of any objection based on the so-called right of confrontation.

"Nevertheless, the secondary advantage, incidentally obtained for the tribunal by the witness' presence before it—the demeanor—evidence—is an advantage to be insisted upon wherever it can be had. No one has doubted that it is highly desirable, if only

it is available. But it is merely desirable. Where it cannot be obtained, it need not be required. It is no essential part of the notion of confrontation; it stands on no better footing than other evidence to which special value is attached; and just as the original of a document (ante, No. 1192) or a preferred witness (ante, No. 1308), may be dispensed with in case of unavailability, so demeanor-evidence may be dispensed with in a similar necessity. Accordingly, supposing that the indispensable requirement of cross-examination has been satisfied, the only remaining inquiry is whether the demeanor-evidence, to be obtained by the witness' production before the tribunal, is available. * * *

"1401. Preliminary Distinctions: (a) deposition and testimony; (b) civil and criminal cases; (c) taking and using a deposition. * * *

"(a) There is on principle no distinction between a **deposition** and **former testimony** as to the conditions upon which either may be used at the trial. So far as the circumstances make it impossible to obtain the witness' personal presence for testifying, by reason of his death, illness, absence from the jurisdiction, and the like, the impossibility exists in precisely the same degree for a deposition and for former testimony,—supposing, of course, that in each case there has been cross-examination. There is on principle not the slightest ground for failing to recognize all the dispensing circumstances as equally sufficient for both kinds of testimony. Nevertheless, there is in most jurisdictions more or less inconsistency on this subject; and it can never be safely assumed that a court will treat both kinds in the same way. There are usually independent lines of precedents for the two kinds of testimony. This is due, of course, to the peculiar inability of the common-law courts to authorize depositions (ante, No. 1376), in consequence of which the treatment of depositions has been handled apart by itself as a special legislative problem. The statutes, in granting the power to order depositions, have usually specified the conditions of necessity allowing their admission, and this statutory specification has rarely been sufficiently thoughtful of all the possible kinds of necessity; the result is an unfortunate patchwork of statutes and decisions. Presumably, the statutory enumeration will not be treated as intended to exclude other causes unenumerated; this ought to be the construction. * * *

"1404. Specific Cases of Unavailability; (2) Absence from Jurisdiction. * * *

"(c) It has also been suggested that an effort should have been made to obtain the **witness' deposition by commission;** but this is futile, for a deposition is no better than his former testimony.

"This ground of admission, then (absence from the jurisdiction of trial), is generally accepted for **testimony at a former trial;** a few courts, following an early New York Ruling, refuse to recognize it at all; a few others refuse to recognize it in criminal cases particularly. For **depositions** this cause was at common law established as sufficient, subject in occasional rulings to the distinctions above noted; and by statute it has been almost universally provided for."

"1407. Specific cases of unavailability; attendance prevented by (6) imprisonment, (7) Official duty or privilege; (8) distance of travel. * * *

"(8) On grounds of the **personal inconvenience** of attendance from a distance, statutes (post, Nos. 1411, 1412) have almost everywhere provided, for the case of depositions, that residence beyond a certain number of miles, or without the county, shall allow the use of a deposition; the same cause should be equally sufficient for using former testimony, though this has rarely been provided. * * *

"1413. Specific cases of unavailability; statutes affecting testimony at a former trial. Statutes dealing with this class of evidence are comparatively few in number. It is here even clearer than in the case of depositions (ante, No. 1411) that the statutory enumeration of conditions of admissibility is not to be taken as exclusive."

We took our statute from the state of Kansas. The Supreme Court of that state has a number of times had under consideration and passed upon the conditions prerequisite to the introduction of former testimony of a witness and the method of its introduction. In New v. Smith (Kan.) 141 Pac. 880, Ann. Cas. 1917B, 362, L. R. A. 1915F, 771, it is said:

"It is contended that the only basis for admitting this transcript is the statute providing that a transcript of the court stenographer's notes of one's testimony, properly verified and certified, may be introduced under like circumstances and with like effect as the deposition of such witness. (Gen. Stat. 1909, sec. 2407.) * * * The circumstances under which depositions may be used are set forth in sections 5931 and 5953, secs. 327 and 358 of the Civil Code, an essential one being that the witness is not and cannot be in attendance. * * *

"Before the enactment of section 2407, it had been held that the stenographer's notes of evidence formerly taken could be read in evidence, and the statute makes it proper to introduce the transcript made and certified by him. * * * Section 5931 provides that the deposition of a witness may be used only when he is a nonresident or absent from the county or unable to attend court or dead. Section 2407 has reference, not so much to the matter of using a deposition in the absence of witnesses,

as using a transcript of the stenographer's notes instead of reading them, and while it provides that such transcript may be introduced under like circumstances and with like effect as a deposition, it does not restrict such use to instances in which depositions only may be used. In other words, the object of section 2407 is not to confine transcripts to the limits applied to depositions, but to provide a more convenient way to use testimony formerly taken than by reading the notes which would be unintelligible to the jury, and reading might in many cases be tedious and unsatisfactory."

In A., T. & S. F. Railway Co. v. Osborn, (Kan.) 67 Pac. 547, 91 Am. St. Rep. 189, the court had under consideration alleged error in the rejection of the former testimony of three witnesses who had testified on the first trial thereof, and the court said:

"It was shown that the witnesses were beyond the jurisdiction of the court and the reach of its process, and that one of them resided in another state. It was agreed that the persons referred to were called as witnesses on the former trial, that they were examined by defendant and cross-examined by plaintiff, and that their testimony was taken down by the official stenographer, who appeared with the same ready to testify, and that he was then able to read the notes and would testify that they were correct. The offered testimony was unquestionably material and pertinent to the issues in the case, and we think it should have been received."

And again, the court, in discussing an earlier Kansas case, stated:

"As an authority, the court cited 1 Gr. Ev., section 163, where the learned author holds that the rule as to deceased witnesses is equally applicable to witnesses who are outside of the jurisdiction of the court and out of the reach of its process."

The court further said:

"While there is some diversity of judicial opinion as to the admissibility of testimony given by a witness on a former trial, the great weight of authority, we think, sustains the Greenleaf rule. (Citing authorities). The provision made by statute for the taking of depositions does not militate against this rule. Testimony taken down word for word at a former trial, and preserved as the law provides, is evidence of at least as high a grade as a deposition. The testimony is taken in open court, in the presence of parties and witnesses, under the eye and supervision of the trial judge, where there is full opportunity to examine and cross-examine the witness, to search his motives, appeal to his conscience, and test his recollection and the accuracy of his statements. So taken, it must be as high an order of testimony as a deposition taken upon interrogatories in the private office of a notary public, or other like officer in

some town or city remote from the one in which the trial is had. Under our system, where the words of a witness are taken as they fall from his lips, and are recorded by an official stenographer, who performs his duties under the sanction of an oath, the written testimony, being preserved as the statute directs, is likely to be more satisfactory and reliable than that taken in the form of a deposition. The value of testimony taken and preserved under the modern system is well illustrated in Wright v. Wright, 58 Kan. 525, 50 Pac. 444, where it was held that 'an official court stenographer, who has correctly taken the testimony of a witness, may read his notes of such testimony as evidence upon a subsequent trial, although he has no independent recollection of such testimony, and can relate the same only by reading his notes thereof.' See, also, Emerson v. Burnett, supra. (Colo., 52 Pac. 752.) The fact that since the first trial new facts may have come to light which would affect the examination of the witness or the value of his testimony, is no objection to the admission of his testimony given at a former trial, and which was properly taken and preserved. Such an exigency might arise if the testimony were taken by deposition, and the fact that additional information was received, or that additional testimony by the witness was a necessity, would not render the deposition first taken inadmissible. The fact that additional testimony of a witness is taken cannot affect the admissibility of former testimony, whether taken in or out of court."

The Supreme Court of Colorado, in a most thorough and logical manner, sustained the same thesis that former testimony is on a parity with, if not superior to, and can be used on like occasion as a deposition. Emerson v. Burnett (Colo.) 52 Pac. 752.

The Supreme Court of Iowa, under a statute closely analogous to ours, in providing for the use of depositions as well as the preservation and use of former testimony, in Bank of Monroe v. Gifford, 79 Iowa, 300, 44 N. W. 558, stated:

"At the trial the evidence of certain witnesses examined at a prior trial, which was taken in shorthand and made of record in the case, was admitted against the objection of the plaintiff. It was shown that the witnesses lived in a county of the state other than the county wherein the trial was had. The evidence was rightly admitted. Code, secs. 3721, 3777."

In line with the prior adjudication of this court, and under the interpretations given to similar statutes, and under the unescapable logic of the reasoning of Wigmore, we hold that sufficient showing as to the residence of the plaintiff without Okmulgee county was made, and the trial court did not abuse his discretion in so determining;

that the plaintiff in this cause had the right, being a nonresident of Okmulgee county, to present her testimony by deposition; that testimony given by a witness or party in a former trial, taken down in shorthand by the official court reporter, is of equal dignity, if not superior, to testimony taken by deposition; that said testimony can be read from the witness stand by the reporter under oath as well as by transcript, certified by the reporter as being complete and accurate and filed in the cause and read as a deposition. The plaintiff, who testified at the first trial, need not on retrial be personally present to testify in case her residence is out of the county in which the case is tried, or any other conditions prevail which would, under the law, permit the introduction of her deposition. The court did not commit error in allowing the evidence of Alice Hodges, given at a former trial of this cause, to be read by the official court reporter from her shorthand notes which recorded the evidence of the plaintiff on the former trial.

The defendants next contend that the court should have sustained their demurrer to plaintiff's evidence. With this we cannot agree. On a demurrer to the evidence, where the cause is tried to a jury, the court must exclude all of the evidence except that which is favorable to the plaintiff's cause of action. In this case it would leave the evidence of the plaintiff, that she bought the automobile from Dr. Bennett some months prior to the levy of execution on it, that she paid valuable cash consideration therefor and immediately took and retained it exclusively in her possession, that the defendants took and sold it without her authority and her testimony as to its value. This evidence is sufficient to withstand a demurrer. Oklahoma Hospital v. Brown, 87 Okla. 46, 208 Pac. 785; Mead v. Chickasha Gas & Electric Co., 137 Okla. 74, 278 Pac. 286.

The defendants attempted to prove that Dr. Bennett, subsequent to the time he was supposed to have sold this car, when he was in possession of it in the state of Kansas, applied for a Kansas automobile license and claimed to own the car and had the license issued in his name. The court excluded the record certified by the Secretary of State of Kansas which showed these facts; showed that Dr. Bennett asserted ownership thereof over his own signature. The real question at issue in this cause was whether Dr. Bennett or Alice Hodges was the owner of the car. Dr. Bennett and Alice Hodges had on two occasions been married. At the time the transactions in issue occurred, they were not married, but Dr. Bennett did live in the rooming house operated by Alice Hodges as one of her guests. He was permitted to use this automobile, which plaintiff claims she bought from him some six months prior to the date it was taken on execution issued against him. Alice Hodges had another car during all this period, and though she used this car sometimes, she used her other car generally. Dr. Bennett did not have another automobile after the purported sale of this car to Alice Hodges. He was by Alice Hodges permitted to use the car in driving about town without charge, and on occasion he drove it away from Okmulgee. On one occasion he drove it to the state of Kansas and was gone for a number of days. He was charged for the use of the car on these extended trips. This is the testimony of Alice Hodges herself. The conduct of the parties to a transaction is competent to establish what their agreement or deal was. We think it entirely competent to prove that Dr. Bennett claimed to be the owner of this car subsequent to the time Alice Hodges claimed she purchased it from him. The application for an automobile license in the state of Kansas and the issuance of a license to him, therefore, is competent. 12 R. C. L. 676; Mobile Savings Bank v. McDonnell (Ala.) 8 So. 137, 9 A. L. R. 645, 18 A. S. R. 137; Piedmont Savings Bank v. Levy, 138 N. C. 274, 50 S. E. 657, 3 Ann. Cas. 785. See, also, the note, Adams v. Dempsey (Wash.) 60 Pac. 649, 79 A. S. R. 933. It is one of the exceptions to the hearsay rule that the statements of the vendor made after the sale, but while he remains in possession of the property, to impeach the sale itself or to establish the sale as fraudulent, are admissible.

We shall next consider the court's instructions. Instruction No. 2, as given, reads:

"You are instructed to find for the plaintiff such sum in damages as you believe from the evidence was the fair cash value of the Baby Overland touring car involved herein, on July 1, 1924; however, not in excess of $400, unless you find as hereinafter instructed."

The giving of this instruction was error. To say the least, this instruction suggests to the jury that it return a verdict for the plaintiff. It clearly advises the jury that the court believes that verdict should be returned for the plaintiff.

The court should not express to the jury his conclusions as to the weight of the evidence in the case, and even though some courts and some thinking people believe that the court should be permitted to com-

ment to the jury on the evidence, that is not permitted under our present procedure.

It would have been error for the court to have instructed a verdict for the plaintiff, for the evidence disclosed that Dr. Bennett, subsequent to the sale he is supposed to have made to the plaintiff, used the car frequently; that on occasion he drove it out of Okmulgee and even out of the state of Oklahoma. He and the plaintiff had been married on two occasions, and though they were not married during the period of these transactions, Alice Hodges ran a rooming house and Dr. Bennett was one of her roomers, and the relation so far as the public was concerned was substantially that of members of the same family. This relation is properly considered in connection with the other evidence, facts, and circumstances, to impeach the transaction. Toone v. Walker, 115 Okla. 289, 243 Pac. 147.

Defendants further complain of instruction No. 7, which instructed the jury "that the defendant must prove every material allegation charged in his answer, except such as have been admitted, by preponderance of evidence. * * *" This placed the burden of the proof on the defendants when by law it is placed on the plaintiff. The giving of this instruction was error.

There were other questions raised by appellants, but as this cause is being reversed for another trial, they are not being considered.

For the reasons stated, the cause is reversed and a new trial ordered.

BENNETT, HALL, and DIFFENDAFFER, Commissioners, concur.

HERR, Commissioner, concurs in results, but dissents to paragraph No. 1 of syllabus.

By the Court: It is so ordered.

Note.—See under (1) 10 R. C. L. p. 973; R. C. L. Perm. Supp. p. 2800. (2) 21 R. C. L. 506; R. C. L. Perm. Supp. p. 5066. (4) 14 R. C. L. p. 729 et seq.; R. C. L. Perm. Supp. p. 3654. See "Evidence," 22 C. J. §438, p. 366, n. 90; §517, p. 432, n. 7. "Trial," 38 Cyc. p. 1543, n. 68; 69; p. 1646, n. 12.